James M. Dineen (orally), Kittery, for defendant.

### STATE of Maine
### v.
### Jason B. BRIGGS.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1987.

Decided Feb. 4, 1987.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant, Jason B. Briggs, appeals from a conviction of negotiating a worth-

less instrument in violation of 17–A M.R. S.A. § 708 (1983 & Supp.1986) after a jury trial in the Superior Court (Aroostook County). Defendant contends that the trial court erred in granting a continuance and erred by allowing a bank's current branch manager to give testimony about bookkeeping and banking records made when the witness had no control over those records. We find no error and affirm the judgment of conviction.

## I

The evidence may be summarized as follows: Defendant issued a check for $5500 to Linwood Raymond as payment on a note which they had co-signed. After Raymond deposited the check in his account at Casco Northern Bank, it was returned to him with notice that the check had been dishonored by the drawee bank, Bank Meridian of Hampton, New Hampshire. Briggs failed to make the check good despite receipt of a 5–day notice of insufficient funds.

An indictment against Briggs was filed on September 6, 1985. Jury selection for trial began on March 17, 1986. Before the completion of jury selection, the State asked the trial court to delay the trial until later in the term in order to insure the presence of a witness from Bank Meridian. The presiding justice ruled that the trial would proceed on schedule but, if necessary, "adequate time would be given [to permit the State] to present that further witness." Testimony began on March 18, 1986. After receiving evidence from three witnesses for the State, the court recessed, over defendant's objection, to allow the State time to procure a witness from Bank Meridian.

On the following morning, the State called Cynthia Maxwell, the manager of the Hampton, New Hampshire branch of Bank Meridian. In this capacity she controlled records kept by the bank. But when

Briggs issued the worthless check, Maxwell was personnel manager with the bank. In this position, she did not control the records kept by the bank. Although defendant objected to Maxwell's testimony and contended she was not a qualified witness, the court allowed her to testify about defendant's account with the Bank.

## II

First, defendant contends that the trial court abused its discretion by granting a continuance during the trial to allow the State time to procure a witness. Defendant relies on two cases that are factually distinguishable from the present case. Both arose from situations where a continuance was denied. In *State v. Reed*, 479 A.2d 1291 (Me.1984), we stated "[t]he decision to deny a motion for a continuance is committed to the discretion of the trial justice, and will be disturbed on appeal only for an abuse of that discretion." *Id.* at 1295. *Accord State v. Curtis*, 295 A.2d 252 (Me.1972). In those cases we quoted with approval from *Neufield v. United States*, 118 F.2d 375 (D.C.Cir.1941), *cert. denied*, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199 (1941), the factors necessary for a continuance:

> it must be shown who [the witnesses] are, what their testimony will be, that it will be relevant under the issues in the case and competent, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance for the trial as set.

*Id.* at 380. It is important to note, however, that the *Neufield* test applies most directly to the review of a denial of a motion for continuance where it is argued that a continuance was compelled. The absence of one or more of the factors set forth in *Neufield* does not make the granting of a continuance improper.[1] In the

---

1. We have previously recognized that the proper denial of a motion to continue does not lead to the conclusion that it would have been improper to grant the motion. In *State v. Reed*, we

stated that "[a]lthough granting the defendant's motion for continuance might have been proper, the denial did not constitute an abuse of discretion." *Reed* at 1295.

present case, the continuance was granted and the trial was delayed for just one-half day. Such a short delay, accomplished by granting an early recess, is clearly within the trial court's discretion.

## III

■ Second, defendant contends that Maxwell was not qualified to testify about bank records because her position at the time of the transaction was not one that allowed her control of such records. At the time of trial, Maxwell was manager of the Bank Meridian branch where defendant had his account. In this position, she had control of the bank records. According to M.R.Evid. 803(6),[2] "the custodian or other qualified witness" can testify about business records kept in the ordinary course of business. Nothing in the Rule requires the witness to have been custodian at the time of creation of the record. We have previously stated "[t]hat this witness did not in all cases prepare the records or supervise their preparation does not destroy his ability to provide the foundation for their admission as a 'qualified witness.'" *E.N. Nason, Inc. v. Land-Ho-Development*, 403 A.2d 1173, 1178 n. 2 (Me.1979). The test is the demonstration of trustworthiness. *United States v. Pfeiffer*, 539 F.2d 668, 671 (8th Cir.1976). We conclude that the trial court did not err by allowing Maxwell to testify about Bank Meridian's records.

The entry is:

Judgment affirmed.

2. M.R.Evid. 803(6) states:

   **(6) Records of Regularly conducted Business.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regular conducted business, and if it was the regular practice of that business to make the memorandum, report,

record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.