**Joseph J. OWENS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PA MINES CORPORATION/GREENWICH COLLIERIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1996.
Decided Feb. 21, 1996.
Reargument Denied April 11, 1996.

---

**4**

Blair V. Pawlowski, for Petitioner.

Michael J. Wagner, for Respondent.

Before COLINS, President Judge, FLAHERTY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Joseph Owens (Owens) petitions for review of the August 2, 1995 order of the Workmen's Compensation Appeal Board (Board), which affirmed the workers' compensation judge's (WCJ) remand decision correcting the effective date of modification of benefits. We affirm.

Pennsylvania Mines/Greenwich Collieries (Pa. Mines) petitioned for modification of Owens's benefits effective February 16, 1990. Pa. Mines presented unopposed medical testimony that Owens could return to work with a lifting restriction and produced evidence that suitable work had been made available to Owens on multiple occasions. Witnesses testified as to the following referrals and Owens's failure to follow through: 1) Owens failed to respond when offered a position as janitor/watchman at Rushton Mines on February 16, 1990. 2) Owens applied for a customer service representative position at Delaney Chevrolet, but failed to complete the application, listed his treating physicians as references, and indicated to the interviewer that he was not interested in that type of work. 3) Owens filled out an application at Sears Auto Service, but failed to take the required mechanical tests. All three jobs were within Owens's physical limitations.

The WCJ found that jobs were made available to Owens, but that he did not demonstrate a good faith effort to obtain employment. The WCJ granted the modification to partial disability effective February 16, 1990 (the date requested in Pa. Mines' petition) and reduced Owens's benefits based on the weekly wage for the Delaney Chevrolet position. On appeal, the Board found substantial evidence to support the WCJ's finding that Owens acted in bad faith and affirmed the modification, but the Board remanded to the WCJ for the limited purpose of recalculating Owens's benefits based on the weekly wage consistent with the position (at Rushton Mines) found to be available as of the effective date of the modification.

On remand, the WCJ found that his earlier decision misstated the effective date of the modification. The WCJ found that the modification was correctly based on the available position at Delaney Chevrolet; therefore, the

effective date of modification should have been August 13, 1990, the date on which Owens exhibited bad faith in not following through on the available position. Owens again appealed to the Board, which found that the WCJ had complied with the remand order by explaining that the effective date, not the wage calculation, was misstated in the original decision. The Board affirmed the remand decision for the reasons stated in its earlier opinion.

■ Our review on appeal is limited to violations of constitutional rights, errors of law, and whether the referee's findings are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Before this Court, Owens contends that on remand the WCJ changed his decision without taking additional evidence and without notice to Owens and that the record does not support a finding that work was made available to Owens on August 13, 1990.

■ Owens contends that on remand, the WCJ exceeded the scope of the Board's remand order directing the WCJ to recalculate the change in benefits based on the wage for the job available to Owens as of the modification date. Citing *Glabern Corporation v. Workmen's Compensation Appeal Board (Moccia)*, 84 Pa.Cmwlth. 381, 479 A.2d 77 (1984), Owens insists that the WCJ did not restrict remand proceedings to the purpose indicated by the remand order. In our view, Owens mischaracterizes the WCJ's remand decision.

In remanding to the WCJ, the Board was concerned with the inconsistency between the February 1990 modification date and the benefit recalculation based on a position not available until August 1990. Assuming the modification to be correct, the Board remanded for recalculation based on the position available to Owens in February 1990. The purpose of the remand was to resolve the inconsistency. Finding that he had misstated the effective date of the modification, the WCJ corrected the effective date to August 1990, resolving the inconsistency. The WCJ's restricted his remand decision to the "purpose" indicated by the Board.

■ Owens further mischaracterizes the WCJ's remand decision as a change in decision without notice to Owens and without the WCJ having taken new evidence. It is well settled that an administrative agency may on its own motion correct obvious errors, as supported by the record, including mechanical errors, undisputed factual errors, and factual misconceptions. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa.Cmwlth. 90, 309 A.2d 165 (1973). Due process considerations prevent an agency from reversing itself on substantive issues in the absence of a petition for reconsideration or the granting of a hearing. *Id.* The WCJ did not reverse himself on a substantive issue. Although the correction of the modification date from February 1990 to August 1990 made a substantial change in the final outcome, the change did not involve substantive legal issues; rather it corrected a mechanical error. *Kentucky Fried Chicken*, 309 A.2d at 167.

■ Next, Owens contends that the WCJ's finding that the Delaney Chevrolet job was made available to him was not supported by substantial evidence. To meet its burden of proof on a petition for modification, the employer must prove that a job referral is actually available and must bring the referral to the attention of the claimant or his counsel. *McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.)*, 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *petition for allowance of appeal denied*, 540 Pa. 608, 655 A.2d 995 (1995). In order to avoid modification on the basis of job availability, the claimant must demonstrate that he has made a good faith effort to return to the work force; benefits can be modified for failure to follow through on job referrals or for willfully sabotaging referrals. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 532 A.2d 374, 516 Pa. 240 (1987).

The record contains ample evidence to support the WCJ's finding that the Delaney Chevrolet position was actually available to Owens and brought to his attention. Vocational consultant Tony Gornick, who referred Owens to the Delaney Chevrolet position,

**6**

testified that he personally visited the employer to verify the availability of the position and its physical requirements. Gornick notified Owens of the position by certified letter. The employer having established job availability, the burden shifted to Owens.

■ Again, the record contains substantial evidence to support the WCJ's finding that Owens did not meet his burden of proving that he acted in good faith in following through on the referral. Gornick testified that he found problems with Owens's application in that Owens listed his treating physicians as references and did not respond to a question asking whether he was physically capable of performing the job duties. Gornick also testified that the employer response form received from Delaney Chevrolet after Owens's interview contained comments to the effect that Owens expressed his lack of interest in working in the automotive industry. This testimony tends to show that with respect to this position in particular, Owens sabotaged his chances of being hired. Owens offered no explanation as to why he listed his physicians as references and said he probably overlooked the question as to his physical capability. As evidence of his good faith, Owens provided only his own testimony that he filed the application, but was not offered the position.

Although we will not substitute our judgment for that of the WCJ, in our view, the WCJ could have based the modification on the Rushton Mines position, which was offered to Owens and to which offer he never responded, or on the Sears position, for which he failed to follow through by not taking the required mechanical tests. Accordingly, we affirm the decision of the Board modifying Owens's benefits.

### ORDER

AND NOW, this 21st day of February, 1996, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.