STATE OF MAINE                    STATE OF MAINE    SUPERIOR COURT
CUMBERLAND, ss.          Cumberland, ss, Clerk's  CIVIL ACTION
                              SUPERIOR COURT    DOCKET NO. CV-09-207

                                 MAR 05          JAW  -CUM- 3 5 2010
BANK OF AMERICA, N.A.,

        Plaintiff              RECEIVED
                                              ORDER

v.

CONSTANCE BARR, and
THE STONE SCONE LLC,

        Defendants.

## FINDINGS AND DECISION

Plaintiff Bank of America is a fiduciary banking institution with a place of business in Portland, Maine. In January 2004 Fleet Bank, a banking institution that merged with the Plaintiff, issued a $100,000.00 Line of Credit to Defendant Stone Scone. Plaintiff contends that Defendant Constance Barr, the owner and/or manager of Stone Scone, is liable for the outstanding balance on the line of credit. Constance Barr alleges that while the Stone Scone is liable, she is not individually liable as there is no evidence of a contract between she and the Plaintiff. The parties have stipulated to judgment as to the Stone Scone. A one day jury-waived trial was held in the Cumberland County Superior Court on January 8, 2010.

The evidence presented to the court by the Plaintiff was:

1. Documents from the Office of the Maine Secretary of State, Division of Corporations evidencing Stone Scone's incorporation as an LLC on February 1, 2006.

2. Monthly Account Statements addressed to both Defendants.

3. A Past Due Notice addressed to both Defendants.

4. A Small Business Express Line of Credit Approval letter addressed to both Defendants but labeled to Defendant Barr.[1]

Defendant Barr objected to Exhibits 2, 3, and 4, and the court withheld ruling in order to allow both parties to brief the issue on their admissibility. The court is in receipt of the parties' briefs, and concludes that all of the exhibits are admissible.

The Defendant objected to the admissions of the exhibits on the grounds that they did not meet the requirements of the business records exception to the hearsay rule pursuant to Maine Rule of Evidence 803(6).[2] The Defendant contends that the Plaintiff's witness, Todd Beacham, was not qualified to testify about the exhibits because he did not have sufficient knowledge of the various printing vendors used by Plaintiff, sufficient knowledge as to whether or not Constance Barr ever received the documents, or sufficient knowledge regarding the processing of payments on the disputed line of credit—essentially alleging that Mr. Beacham's position at Bank of America is not one in which he had control over such records.

Beacham was formerly employed by Fleet Bank, the originator of the loan at issue, and after a merger, by Bank of America. He has been in charge of managing small

---

[1] Also in evidence are the Responses by Constance Barr to Plaintiff's Request for Admissions. *See* M.R. Civ. P. 36(b).

[2] M. R. Evid. 803(6) states:

> Records of Regularly conducted Business. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regular conducted business, and if it was the regular practice of that business to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

business lines of credit, identical to the one at issue here, since 2004. Although he was not a manager at the branch where the line of credit account was opened, he testified that the procedures and documents were the same on all such accounts, regardless of location.

In this position, he has control of the bank records. According to M. R. Evid. 803(6), "the custodian or other qualified witness" can testify about business records kept in the ordinary course of business. Nothing in the Rule requires the witness to have been the custodian at the time of creation of the record. *See State v. Briggs*, 520 A.2d 706 (Me. 1987) (bank branch manager can provide foundation for business records of bank where defendant had account, even though he was not a custodian at the time the records were created). "The test is the demonstration of trustworthiness." *Id.* at 708.

The court also concludes that Beacham was able to establish that the business records were made at or near the time of the events reflected in said record, that it was the Plaintiff's regular practice to generate such records, and that no lack of trustworthiness was indicated in the creation or preparation of the reports. *See Northeast Bank & Trust Co. v. Solely Enterprises*, 481 A.2d 1124, 1126 (Me. 1984). Beacham testified that it is the Plaintiff's regular business practice to generate and populate all of the information related to the three disputed exhibits, and that the only third party role to the records production is that of a vendor in Oklahoma who simply prints and mails out the information. Further, "the indicia of reliability that form the basis of the business records exception are present, even though the information was" printed by a third party. *Id.* at 1127. Clearly the Plaintiff has an interest in ensuring that its customers receive approval letters reflecting new account numbers, statements reflecting account usage, and letters indicating that an account is overdue. This is not a case where an unrelated entity

possesses the information that the record is based on, then generates the record that is subsequently relied on by a litigant. *See State v. Radley*, 2002 ME 150, ¶ 16, 804 A.2d 1127, 1132 (holding that a witness was not qualified to testify about reports generated by a third party as she was not employed by the third party, was unaware whether it was the regular practice to generate such records, and thus had no knowledge about the level of trustworthiness of the record). Here, the Plaintiff possesses the records and generates the reports that are merely printed by a third party. Thus, the court finds that all four exhibits proffered by the Plaintiff are admitted.

Based upon the evidence presented, the Court makes the following findings of fact and conclusions of law.[3]

## FINDINGS OF FACT

On January 7, 2004, the Stone Scone was conditionally approved for a $100,000 unsecured Small Business Credit Express Line of Credit pending receipt of a properly signed and witnessed authorization/personal guaranty. In the application, Constance Barr executed the Authorization Agreement/Personal Guaranty portion of a Fleet Small Business Services Credit Application.[4] On January 12, 2004, Constance Barr was sent an approval letter indicating that her company, the Stone Scone, was approved for a $100,000 Small Business Credit Express Line of Credit. Fleet Bank then provided funds to the Stone Scone per the terms of the line of credit.

In accordance with the evidence presented, from February 2004 through November 2008, the Plaintiff provided monthly account statements on the account. The statements were addressed to both Constance Barr and the Stone Scone.

---

[3] The facts set out in this decision constitute findings by the court as proven by a preponderance of evidence unless otherwise stated.

[4] No evidence of a guaranty was submitted for any period beyond the application stage.

On February 1, 2006, the Stone Scone registered as a Limited Liability Company by filing its Articles of Organization with the Secretary of State. The management of the company was vested in Constance Barr. Nothing in the record establishes that the Bank received notice of this registration.

On November 4, 2008, the Plaintiff sent a past due notice addressed to both Constance Barr and the Stone Scone.

The Plaintiff subsequently filed this action, naming both Constance Barr and the Stone Scone, LLC as defendants. Constance Barr alleges that she is not personally liable on the line of a credit as it was issued to the Stone Scone and there is no documentation linking her to the contract with the Plaintiff.

CONCLUSIONS OF LAW

In its complaint the Plaintiff asserted five counts against the Stone Scone, LLC and Defendant Barr individually: breach of the Fleet Small Business Credit Application, Authorization and Personal Guaranty and the terms of the Fleet Small Business Express Line of Credit (count I); breach of contract (count II); an unjust enrichment claim against Constance Barr (count III); claim for attorney fees (count IV); breach of a personal guaranty signed by Constance Barr (count V).

As the Plaintiff did not present evidence of the terms of the Fleet Small Business Express Line of Credit or a personal guaranty signed by Constance Barr, the court finds in favor of the Defendant on counts I and V. Further, the Plaintiff has not provided the court with any contract language indicating an entitlement to attorney fees, and as such the court finds for the Defendant on Count IV. *Foremost Ins. Co. v. Levesque*, 2007 ME 96, ¶ 6, 926 A.2d 1185, 1187 (citing *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d

5

1350, 1354 (Me. 1996) ("Generally, the prevailing party in a breach of contract action is not entitled to attorney fees absent a provision in the contract requiring payment of such fees.").

On the remaining count II, the claim for breach of contract, central to the courts decision is an understanding of how the parties began their business relationship.[5]

In 2004, Constance Barr, doing business as the Stone Scone, obtained a line of credit from the Plaintiff. The Stone Scone did not become an LLC until February 2006. Although the monthly account statements reflect account activity both before and after the incorporation, Barr never informed the Plaintiff of the change in corporate status. As the Plaintiff stated at trial, nothing in the Bank's records indicated that the Stone Scone incorporated or formed a limited liability corporation. *See Bayley Hill Deer & Trout Farm, Inc. v. Atlantic Game Meats, LLC et. al.*, 2006 Me. Super LEXIS 183 (Aug. 31, 2006).

The court further notes that the monthly account statements were addressed to both Constance Barr and the Stone Scone—not the Stone Scone, LLC—both before and after incorporation. The court concludes that as far the Plaintiff was concerned, Constance Barr and the Stone Scone were always one and the same. *See* 13-C M.R.S.A. § 204 (stating that, for preincorporation transactions, "[a]ll persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this Act, are jointly and severally liable for all liabilities created while so acting"). As such the court determines that the Stone Scone, LLC, and Constance Barr individually, are both liable

---

[5] The court notes that, although the terms of the line of credit and the Fleet Small Business Credit Agreement were not entered into evidence, there is no dispute that there was a contract between Stone Scone and the Plaintiff, the only issue is whether Barr individually is also liable on said contract. (Admissions of Constance Barr; Ex. 2: Monthly Account Statements.)

6

for the debt to the Plaintiff.

As the court concludes that a contract existed between the parties, the court finds in favor of the Defendant on Count III: unjust enrichment. *See Cummings v. Bean*, 2004 ME 93, ¶ 9, 853 A.2d 221, 224 ("Unjust enrichment . . . provides damages based on principles of equity, not contract, and awards the successful party the value of benefits conferred on another when no contract exists.") (citing *Paffhausen v. Balano*, 1998 ME 47, ¶¶ 6-9, 708 A.2d 269, 271-72, n.3).

Therefore, the entry is:

Judgment for Plaintiff Bank of America, N.A., against the Stone Scone, LLC and Constance Barr individually, in the amount of $91,444.09, plus accrued interest of $2,919.95, plus pre- and post-judgment interest at the statutory rate.[6]

The clerk shall incorporate this Decision into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 3\5\10

Joyce A. Wheeler, Justice

---

[6] As stated above, because the Plaintiff has failed to provide a copy of the contract, attorney fees will not be awarded and pre-and post-judgment rates are set at the statutory level.

KATE CONLEY ESQ
PMB 815 PO BOX 8715
PORTLAND ME 04104-5015

MARK KEARNS ESQ
PO BOX 17915
PORTLAND ME 04112