# Hilt *vs.* Campbell.

A count on a note payable on the occurrence of a certain event, *or in a reasonable time,* is not supported by evidence of a note payable only on the occurrence of the event; though it is proved that the contingency was rendered impossible by the misconduct of the defendant. The plaintiff should have alleged the facts tending to deprive the defendant of any excuse for not paying the money.

Case upon promises. The declaration contained several counts, the first of which was upon a promissory note made by the defendant, payable to the plaintiff, described as a note for sixty dollars, for one half of the stud horse called the *Paymaster,* payable when the horse should be sold by the defendant, or within a reasonable time. In another count it was alleged, and was proved at the trial, that the defendant undertook to sell the horse, but did not, and in fact abused him, so that he died. The note offered in evidence

under the first count was payable when the horse should be sold, without any mention of reasonable time ; for which cause the defendant objected to its admission. But the Chief Justice overruled the objection ; and a verdict being returned for the plaintiff, this point, among others, was reserved for the consideration of the court. The other points are omitted, no opinion having been given upon them.

*Allen* and *E. Smith* for the plaintiff.

*Greenleaf* and *Ruggles* for the defendant.

MELLEN C. J. delivered the opinion of the Court at the ensuing *July* term in *Waldo*.

The first question in this case is whether the note offered in evidence supports the first count. The promise alleged in that count is to pay the sum mentioned in the note declared on, when the horse should be sold, or in a reasonable time. The promise in the note is to pay the sum when the horse should be sold ; and the case finds that he never was sold, but died in consequence of the defendant's misconduct. It is admitted by his counsel that the declaration on the note might have been so framed as to entitle the plaintiff to recover upon it ; but he contends that the instruction of the judge to the jury on this point was incorrect. It must be remembered that in this count the plaintiff declares on an express contract ; and therefore, unless the words made use of in describing the promise, " or in a reasonable time," are a part of the express promise, there is a fatal variance. It is said that those words are no more than the law implies. It is true, when, in a promissory note, no time is mentioned when payment is to be made, the law will give effect to the contract, by construing the promise to be a promise to pay in a reasonable time ; *ut res magis valeat quam pereat.* But in the case before us, a time of payment was mentioned in the note ; and we are not aware that, in the absence of all proof, the law would imply any other time ; for that would be contradicting the language of the note. The counsel for the defendant contended that as the contingency had not happened on which it was to become payable, the plaintiff could not recover on that count ; because it did not contain an averment of any

Hilt *v.* Campbell.

facts shewing that the defendant was liable to pay the note, though the contingency had not happened. And we are. of opinion that all such facts should have been stated, as the premises from which the legal inference was to be drawn, that the defendant was bound to pay the contents of the note in a reasonable time. As the first count now stands, the words " or in a reasonable time" are inconsistent with the written promise. Such an inference is a *non sequitur.* It is scarcely necessary to cite authorities to show that a contract must be proved as alleged, and that a variance as to the terms of it is fatal. We merely refer to *Penny v. Porter*, 2 *East* 2 ; *White v. Wilson*, 2 *Bos. & Pul.* 116 ; *Robbins v. Otis*, 1 *Pick.* 368.

To shew that the first count as it now stands is not supported by the proof, and that it should have contained an averment that the horse had never been sold, and that having died by means of the defendant's misconduct, he had disabled himself from selling the horse and performing his promise, according to the terms of it as expressed in the note, we subjoin the following authorities. In the case of *Newcomb v. Bracket*, 16 *Mass.* 161, the defendant promised the plaintiff to pay him a certain sum, by transferring to him a mortgage of certain land as soon as the plaintiff should pay him the residue of a debt, not exceeding $100 ; and the defendant gave a quitclaim deed of the mortgaged premises to another man. It was held that the plaintiff need not aver performance on his part ; and that a statement of the promise and the allegation that the defendant had executed the said quitclaim to another man, whereby he had broken his promise and become unable to perform the same, constituted a good declaration. In the above case the court observed that as there was no time fixed in the contract within which the money was to be paid, or the estate conveyed to the plaintiff, he had a reasonable time to perform his part. We notice this part of the case, as illustrative of the principle before stated, that the legal implication as to reasonable time, is applicable only to the cases of contracts where no time is fixed ; whereas in the case before us a time or event was fixed upon as the time of payment, viz. the sale of the horse. See also, *Yelv.* 76, and Mr. *Metcalf's* note, where he sums up the law on this subject in these words : " When the consideration of a con-

tract is executory, or its performance depends upon some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver performance of such precedent condition, or shew some excuse for the non-performance." See also, 1 *Chitty's Pl.* 309. An averment of the death of the horse through the fault and mismanagement of the defendant, would have brought the plaintiff's demand upon the note, and his right to recover on the first count, within the reason and spirit of the beforementioned principle, though not the language of it; for by the language of it, the fact to be averred is an excuse for some omission on the part of the plaintiff; whereas in the case at bar, it is one which takes away all excuse on the part of the defendant for not complying substantially with his promise, though not according to the very terms of it; a strict compliance with which had become impossible by the commission of a wrongful act on his part. Such being, in our opinion, the law as to the first count, the instruction of the judge in relation to it was incorrect, and there must be a new trial. It is not necessary to examine the other points discussed in the argument.

*Verdict set aside and a new trial granted.*