## LITTLE & *al. versus* HOBBS & *al.*

The inconvenience to a debtor of procuring security for a part of the debt is a sufficient consideration to support a promise by the creditor, that he would, therefor, relinquish the residue of the debt.

If no time be stipulated within which to furnish such security, it is to be done in a reasonable time.

In a promise by a creditor to his debtor that he would relinquish a part of the debt, upon payment of the residue at a specified time; satisfactory security being furnished, there is a condition precedent to be performed by the debtor.

Such a condition is not fulfilled by a tender, though seasonable, of the security, *as a payment.*

In such a case, a neglect by the debtor to *pay* the agreed part at the pay-day absolves the creditor from his promise to relinquish the residue.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.

ASSUMPSIT.

The defendants owed the plaintiffs about $3500, for which this suit was brought. In April, 1850, the plaintiffs stipulated in writing that they would discharge the debt upon payment to them of fifty per cent. of its amount, in four quarter-yearly payments, "satisfactory security to be given, the first of said payments to be made May 1, 1850."

On the first day of July, 1850, the defendants tendered to the plaintiffs, *as payment* of said fifty per cent., good notes for the amounts, and payable respectively at the pay-days stipulated. The defendants relied upon these facts as a defence.

The case was submitted to the decision of the Court.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD, RICE and APPLETON, J. J., was drawn up by

RICE, J. — The defendants contend that the contract of April, 1850, and the execution and tender of the notes, July 1st, 1850, constitute a good defence to this action.

It has been held by this Court to be settled law, that the payment, in money, of a part, does not operate to extinguish the whole debt, although it be received as payment in full. There must be some consideration for the part not paid. *White* v. *Jordan*, 27 Maine, 370. It is immaterial how small the consideration may be to make the contract binding, but if without any it is void. *Bailey* v. *Day*, 26 Maine, 88. The contract of April, 1850, not only stipulates for the payment of fifty per cent. of the debt, but also that " satisfactory security" should be given. To procure security would subject

Little *v.* Hobbs.

the defendants to an inconvenience to which they were not liable by the terms of the original contract between the parties. *That* would constitute a valuable consideration for the agreement to relinquish that portion of the debt which was agreed to be canceled without payment. The contract was not therefore void for want of consideration, as the law stood prior to the Act of 1851, c. 113.

The contract of April, 1850, is executory and contains conditions precedent, to be performed by the defendants, before they were entitled to a discharge of the whole debt. These precedent conditions are, the payment of fifty per cent. of the plaintiffs' claim, at the times stipulated, and the furnishing satisfactory security for said payments.

There is no time indicated in the contract within which the security was to be furnished. The law therefore determines that it must be furnished within a reasonable time. Whether that was done in this case, is not material, as the decision does not turn upon that point.

The other condition was the payment of fifty per cent. of the plaintiff's claim at the times stipulated. The contract contains no provision as to the mode in which these payments were to be made. The plaintiffs were therefore entitled to receive the payments, as they severally became due, in the legal currency of the country. The tender of notes could, at most, be considered a tender of the security which the defendants were required to furnish. It was not payment unless so received by the plaintiffs. Those notes being tendered only as payment, the plaintiffs were under no obligation to receive them as such, and was not a performance of the conditions precedent to be performed by the defendants. A default is therefore to be entered.

*May,* for the plaintiffs.

*Morrell,* for the defendants.