2003 ME 146

Linda COTE

v.

**DEPARTMENT OF HUMAN SERVICES**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2003.

Decided: Dec. 11, 2003.

Stephen C. Whiting, Esq. (orally), The Whiting Law Firm, P.A., Portland, for plaintiff.

G. Steven Rowe, Attorney General, Janine Keck Massey, Asst. Attorney General (orally), Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Linda Cote appeals from a summary judgment entered in the Superior Court (Cumberland County, *Cole, J.*) in favor of the Department of Human Services on Cote's complaint alleging breach of an oral contract. Cote asserts that a conversation with a Department employee resulted in an oral contract, which the Department has breached. Cote argues that the Superior Court erred in granting a summary judgment in favor of the Department. We disagree.

[¶ 2] The relevant facts are not in dispute. Both parties agree that a conversation took place between Cote and a Department employee, in which the employee may have told Cote that she would be eligible for adoption assistance "at the going rate." After this conversation occurred, Cote signed a written contract for adoption assistance. Cote and the Department disagree about the significance of the written contract. The Department asserts that, because a written contract exists, the parol evidence rule prevents Cote from submitting evidence of oral statements made prior to the execution of the written contract. Cote counters that she was fraudulently induced into executing the written contract, and therefore it is void. Cote raises fraud in the inducement solely to prevent the operation of the parol evidence rule, so that she may present evidence of the oral representations made by Department employees prior to signing the written contract. Neither the parol evidence rule nor fraud is relevant.

[¶ 3] Because Cote does not allege facts that would establish a prima facie case of breach of an oral contract, it is not necessary to determine whether she was fraudulently induced into signing the written contract.[1] When it considers a motion for a summary judgment, the role of a trial court is to determine whether there is a factual controversy that must be resolved by the trier of fact. *Botka v. S.C. Noyes & Co.*, 2003 ME 128, ¶ 18, 834 A.2d 947. Even if we accept Cote's premise, that "the going rate" is different from what she ultimately received, this remark does not sufficiently enable the court to determine the liabilities of the parties, and therefore did not create an oral contract. *See Bates v. Anderson*, 614 A.2d 551, 552 (Me.1992). Cote's attempt to weave a single remark into a contract is without mer-

---

1. Fraud in the inducement is a defense to a contract. *See Kuperman v. Eiras*, 586 A.2d 1260, 1262–63 (Me.1991). When successfully raised, a contract is rendered voidable. *Id.* Cote, however, is not suing to avoid a contract, but rather to enforce one. Therefore, at summary judgment, the only issue was whether she had established a prima facie case of breach of an oral contract.

it.[2] The trial court correctly entered a summary judgment in favor of the Department.[3]

The entry is:

Judgment affirmed.

---

2. Cote correctly asserts that courts have some latitude in supplying reasonable terms where the parties to a contract have failed to do so. *See* RESTATEMENT (SECOND) OF CONTRACTS § 33 (1981). However, before a court supplies any terms, it must find that the parties mutually assented to an agreement that, at a minimum, contains terms that enable the court to allocate liability. *Stanton v. Univ. of Me. Sys.*, 2001 ME 96, ¶ 13, 773 A.2d 1045, 1050–51.

3. The State raised the contract sovereign immunity issue before the trial court, but neither party raised that issue on appeal, and we do not address whether the doctrine articulated in *Drake v. Smith*, 390 A.2d 541, 543 (Me. 1978) would apply to the contract claim asserted in this case.