Eric **LUSH**, et al., Plaintiffs

v.

**TERRI AND RUTH F/V, in rem, et al., Defendants**

No. CIV.03–156–P–H.

United States District Court, D. Maine.

March 22, 2004.

Edward F. Bradley, Jr., Bradley & Savasuk, Portland, ME, for Eric Lush and Linda Stewart, Plaintiffs.

Michael J. Waxman, Portland, ME, for Terri And Ruth F/V, In Rem O.N. 504536 and Ruth Ann Stables, Inc., Defendants.

**ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND ORDER ON PENDING MOTIONS**

HORNBY, District Judge.

The United States Magistrate Judge filed with the Court on February 10, 2004, with copies to counsel, his Recommended Decision on Cross–Motions for Summary

132

Judgment. Objections to the Recommended Decision were filed by the defendants on February 13, 2004, and by the plaintiffs on March 4, 2004. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, with the following exceptions, and determine that no further proceeding is necessary.

The defendants' motion for summary judgment based upon unenforceability of the contract was premised upon the Statute of Frauds. Specifically, the entirety of the defendants' argument was:

II. The Contract–Based Claims of Counts II and III Violate the Statute of Frauds.

The parties never entered into an enforceable agreement for the sale of the Terri and Ruth, nor did they enter into any other enforceable agreement. No agreement of any kind was contemplated to be completed in one year. Def Stmt, ¶s 12, 13. Defendants never agreed to pay the debt owed by Eric Lush to Linda Stewart for monies lent to him to get the Terri and Ruth up and running. Def Stmt, ¶ 11. Moreover, and fundamentally, none of these "agreements" was ever signed by Defendants or even reduced to writing. Def Stmt, ¶ 15.

The primary purpose of the Statute [of Frauds] is evidentiary, to require reliable evidence of the existence and terms of the contract and to prevent enforcement through fraud or perjury of contracts never in fact made.

Restatement (Second) of Contracts, § 131 comment c (1981); *cited with approval in Gagne v. Stevens,* 696 A.2d 411, 415 (Me.1997); *see also* 33 M.R.S.A. § 51 (Maine's Statute of Frauds).

The claims asserted in Counts II and III violate the Statute of Frauds. Accordingly, these counts must be dismissed.

Defs.' Mot. for Partial Summ. J. at 2–3. That certainly sounds like a statute of frauds argument.

The plaintiffs responded accordingly, addressing only the statute of frauds issue. They argued that partial performance and waiver took the contract outside the statute of frauds. Then in their Reply Memorandum, the defendants argued for the first time that even if the contract fell outside the statute of frauds, it was nevertheless unenforceable because material terms were missing. The Magistrate Judge recommended the grant of summary judgment to the defendants based upon this final argument.

I conclude that the plaintiffs did not have a fair opportunity to respond to this argument. I therefore accept the plaintiffs' supplemental statement of material facts, and allow the defendants until April 5, 2004, to reply.

I also GRANT the plaintiffs' motion for enlargement of the deadline to file an objection to the Recommended Decision and DENY the defendants' motion to strike the plaintiffs' objection. I find excusable neglect in the plaintiffs' lawyer's conclusion that he had until March 4, 2004, to file his objections. When Judge Cohen's Report and Recommended Decision was filed, the Electronic Case File docket first notified the parties that March 1, 2004, was the deadline for objections. *See* Entry 49. The following additional entries then occurred:

| | | |
|---|---|---|
| 02/13/2004 | ●*50* | OBJECTION TO RECOMMENDED DECISION by RUTH ANN STABLES INC re *49* REPORT AND RECOMMENDED DECISION re *31* MOTION for Summary Judgment filed by RUTH ANN STABLES INC, *33* MOTION for Partial Summary Judgment filed by LINDA STEWART. (WAXMAN, MICHAEL) Modified on 2/17/2004 TO REFLECT THAT DOCUMENT IS AN OBJECTION TO THE RECOMMENDED DECISION (mnm,). (Entered: 02/13/2004) |
| 02/17/2004 | | * * *Documents terminated: *50* APPEAL OF MAGISTRATE JUDGE DECISION to District Court by RUTH ANN STABLES INC re *49* REPORT AND RECOMMENDED DECISION re *31* MOTION for Summary Judgment filed by RUTH ANN STA-BLES INC, *33* MOTION for Partial Summary Judgment filed by LINDA STEWART. filed by RUTH ANN STABLES INC. TER-MINATED AS DOCUMENT IS AN OBJECTION TO THE RECOMMENDED DECISION.(mnm, ) (Entered: 02/17/2004) |
| 02/17/2004 | ● | NOTICE of Docket Text or Event Modification regarding *50* APPEAL OF MAGISTRATE JUDGE DECISION to District Court by RUTH ANN STABLES INC re *49* REPORT AND RECOMMENDED DECISION re *31* MOTION for Summary Judgment filed by RUTH ANN STABLES INC, *33* MOTION for Partial Summary Judgment filed by LINDA STEWART. Reason for Modification: TEXT MODIFIED TO REFLECT THAT DOC-UMENT IS AN OBJECTION TO THE RECOMMENDED DE-CISION NOT AN APPEAL OF A MAGISTRATE DECISION TO THE DISTRICT COURT—RESPONSE TO OBJECTION DUE BY 03/04/04. (mnm,) (Entered: 02/17/2004) |
| 02/17/2004 | ● | * * *Set/Reset Deadlines as to *49* REPORT AND RECOM-MENDED DECISION re *31* MOTION for Summary Judgment filed by RUTH ANN STABLES INC, *33* MOTION for Partial Summary Judgment filed by LINDA STEWART. Response to Objection to Report and Recommendations due by 3/4/2004.(mnm,) (Entered: 02/17/2004) |

These entries are dense, if not impene-trable, until one has read a lot of them. But as of the penultimate entry, the plain-tiffs' lawyer was still on notice that he needed to file his response to the defen-dants' objections by March 4; no change to the original deadline for filing an objec-tion (as contrasted with a response to an objection) had been expressed or implied. But then another entry, the final entry, occurred, called "Set/Reset Deadlines as to Report and Recommended Decision...." The text of this entry ended with a dead-line of "3/4/2004." A careful reading of this text would have revealed that it di-rected that "Response to Objection to Re-port and Recommendations [was] due by 3/4/2004" and that it said nothing about the deadlines for objections. But if that is all that this entry was doing, there was no apparent reason for the new entry since the previous entry had said exactly that. Given the preamble that the purpose of the final entry was to set or reset deadlines as to the report and recommended decision, given all our struggles with learning to read carefully on computer screens, given the difficult prose the entries generate and given the novelty of both Electronic Case Filing (ECF) in this District (only since October 1, 2003) and the official publica-tion of deadlines, I find—albeit reluctant-ly—excusable neglect in the plaintiffs' ob-jections being filed March 4 rather than March 1. Obviously the delay was insignifi-cant, no prejudice has been shown and any potential impact on the judicial proceed-

**134**

ings is insubstantial. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

No one should consider this case, however, as a protective precedent for future less-than-careful readings of the electronically generated entries. It remains an open issue concerning how far the court will permit lawyers to rely on an electronically established deadline that is inconsistent with a direct application of the local or federal rules. *See, e.g., Envisionet Computer Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163, 166 n. 2 (D.Me.2002); *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 630–31 (1st Cir.2000); *United States v. Heller*, 957 F.2d 26, 31 (1st Cir.1992); *Hollins v. Dep't of Corrections*, 191 F.3d 1324, 1328–29 (11th Cir.1999).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The plaintiffs' motion for summary judgment is **GRANTED** in favor of Stewart as to Count I, permitting her to enforce a maritime lien against the Vessel in the amount of $38,562.44, plus prejudgment interest; the defendants' cross-motion for summary judgment against Stewart as to Count I is **DENIED**. Decision on the defendants' motion for summary judgment on Counts II and III of the Complaint remains open until April 5, 2004, to allow the defendants to reply to the plaintiffs' supplemental statement of facts.

So **ORDERED**.