**Eric LUSH, et al., Plaintiffs**

v.

**TERRI AND RUTH F/V, in rem, et al., Defendants**

**No. CIV.03–156–P–H.**

United States District Court, D. Maine.

May 4, 2004.

Edward F. Bradley, Jr., Bradley & Savasuk, Portland, ME, for Eric Lush and Linda Stewart, Plaintiffs.

Michael J. Waxman, Portland, ME, for Terri And Ruth F/V, In Rem O.N. 504536 and Ruth Ann Stables, Inc., Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

In this case, the plaintiffs, two individuals, seek to enforce an oral purchase agreement for a fishing vessel. The defendants are the vessel and its corporate owner.[1] Most of the summary judgment facts are set forth in the Magistrate Judge's Recommended Decision on Cross–Motions for Summary Judgment (Docket Item 49). The record, however, has expanded since the Magistrate Judge issued his recommended decision on the defendants' motion for summary judgment.[2] Based upon my *de novo* review of the record as it stands now, I ADOPT IN PART AND REJECT IN PART the Recommended Decision. I ADOPT his decision that the defendants are entitled to summary judgment on the claims of the plaintiff Stewart in Counts II and III. (The plaintiffs did not object to this portion of his decision.) But I conclude that there are genuine issues of material fact as to whether the plaintiff Lush and the vessel's owner entered into an enforceable oral contract and whether the statute of frauds applies. I therefore DENY summary judgment on the claims of the plaintiff Lush on Counts II and III.

1. The vessel is a defendant because both plaintiffs also asserted a maritime lien against the vessel for monies advanced for necessary repairs. Affirming the Magistrate Judge's Recommended Decision, I have previously granted Stewart partial summary judgment on that claim and denied the defendants' cross-motion. *Lush v. TERRI AND RUTH F/V*, 309 F.Supp.2d 131, 134 (D.Me.) Sum-

ANALYSIS

### (1) Was there an enforceable contract?

At the time of the Magistrate Judge's Recommended Decision, there were assertedly four items unresolved in the purchase negotiations for the vessel between Lush and its owner. Their absence, he concluded, prevented creation of an enforceable contract. The missing items were: (1) rental terms; (2) terms of interest on owner financing; (3) time for payment of the $90,000 contract amount; and (4) whether fishing permits were included in the sale. With the enlargement of the record, the first two no longer are pertinent. First, the owner concedes that he was not entitled to rent. Pls.' Supplemental Statement of Material Facts ("PSSMF") ¶ 15 (Docket Item 52); Defs.' Rebuttal to Supplemental Statement of Material Facts ("Defs.' Rebuttal") ¶ 15 (Docket Item 65). Second, there is no supporting evidence that owner financing involving a loan or interest payments was ever contemplated at the time the agreement was made.[3] (Certainly there can be a purchase contract without an agreement to provide owner financing, *see, e.g., Jordan–Milton Mach., Inc. v. F/V Teresa Marie, II*, 978 F.2d 32, 34–35 (1st Cir.1992).) The remaining question, therefore, is whether the other two items prevent enforceability of the alleged agreement to purchase the vessel.

■ Under Maine law, a court can supply reasonable terms to a contract so long as there is a mutual assent to an agree-

mary judgment was not requested as to Lush's maritime lien claim.

2. I permitted additional filings for the reasons set forth in *Lush*, 309 F.Supp.2d at 132–33.

3. Instead, the plaintiff Lush, captain of the vessel, later borrowed money from his girlfriend Stewart. Defs.' Rebuttal ¶ 19.

ment that contains "terms that enable the court to allocate liability." *Cote v. Dep't of Human Servs.*, 2003 Me. 146, ¶ 3, n. 2, 837 A.2d 140, 142 n. 2 (citing *Restatement (Second) of Contracts* § 33 (1981); *Stanton v. Univ. of Me. Sys.*, 2001 Me. 96, ¶ 13, 773 A.2d 1045, 1050–51). *See also Forrest Assoc. v. Passamaquoddy Tribe*, 2000 Me. 195, ¶ 9, 760 A.2d 1041, 1044 (citations omitted). In the Restatement's words, "the actions of the parties may show conclusively that they have intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon. In such cases, courts endeavor, if possible, to attach a sufficiently definite meaning to the bargain." *Restatement (Second) of Contracts* § 33, cmt. a.

■ According to the plaintiffs, the parties agreed that Lush could complete his purchase of the vessel so long as he remained the captain, *see* PSSMF ¶ 11 (citing Finley Dep. at 72–75; Lush Supplemental Aff. ¶ 8). The corporate owner's principal retained authority to fire him. *Id.* ¶ 12 (citing Finley Dep. at 11; Lush Supplemental Aff. ¶ 9). The plaintiffs argue that under this arrangement either party could trigger the time for payment (if Lush stopped fishing and captaining the boat or if he was fired). *See* Pls.' Objections to Recommended Decision at 7 (Docket Item 51). The defendants dispute the plaintiffs' factual assertions, but the assertions are enough to create a genuine issue of material fact as to whether these were the terms of time for payment.[4]

---

**4.** If at trial the factfinder concludes that there was no such agreement, the factfinder will have to determine if there can be an enforceable contract without agreement on when payment was due. Under Maine Law, the court could supply a "reasonable time" period for Lush to complete his purchase of the vessel. *See Little v. Hobbs,* 34 Me. 357, 359

■ So far as the fishing permits are concerned, if it is customary in the trade or in similar agreements to include fishing permits in the sale of a fishing vessel, this missing contractual term may be supplied by the factfinder. *See Restatement (Second) of Contracts* §§ 221–22. On this subject, the plaintiff Lush advances the following. Maritime liens against a fishing vessel extend to its permits as well. *See, e.g., Gowen, Inc. v. F/V Quality One,* 244 F.3d 64, 68 (1st Cir.2001) (reasoning that fishing vessels "are valuable significantly, and sometimes almost entirely, because of their permits"). Including permits increases the value of the vessel, allowing fisherman to use this increased value as credit for seeking repairs and supplies. *Id.* at 68–69. Courts have recognized the difficulties and costs associated with obtaining new permits or transferring fishing permits from one vessel to another. *See Gowen, Inc. v. F/V Quality One,* 2000 WL 893402, *2 n. 5 (D.Me.2000). Moreover, under 50 C.F.R. § 648.4(a)(1)(D), a fishery management provision directed to multispecies fishing vessels in the northeastern United States, permits are presumed to transfer with the vessel:

> The fishing and permit history of a vessel is presumed to transfer with the vessel whenever it is bought, sold, or otherwise transferred, unless there is a written agreement, signed by the transferor/seller and transferee/buyer, or other credible written evidence, verifying that the transferor/seller is retaining the vessel's fishing and permit history for purposes of replacing the vessel. ·

---

(1852); *Hilt v. Campbell,* 6 Me. 109, 111 (1829). *See also Restatement (Second) of Contracts* § 33, cmt. d ("Valid contracts are often made which do not specify the time for performance."); *Cote,* 2003 Me. 146, ¶ 3 n. 2, 837 A.2d at 142 n. 2 (citing *Restatement (Second) of Contracts* § 33).

In this case, at the request of the defendants, the boat's sale value was assessed as a fishing vessel, without separately appraising the permits. PSSMF ¶ 4; Defs.' Rebuttal ¶ 4.

I conclude that in the face of the defendants' assertion that an essential term is missing, Lush has presented a genuine issue of material fact by raising usage and customary practice. The factfinder should be permitted to determine whether fishing permits are customarily sold with fishing vessels and whether the parties knew that custom. If so, the factfinder could supply that term, see *Restatement (Second) of Contracts* §§ 220–22. If the term cannot be supplied by custom, the factfinder could conclude that the absence of such an important term in the agreement indicates that there was no enforceable contract at all.

### (2) Does the statute of frauds prevent enforcement?

When the time for completing the oral agreement exceeds one year,[5] the contract is unenforceable under the statute of frauds. *See* 33 M.R.S.A. § 51(5) (1999) (Maine's Statute of Frauds). The plaintiffs claim that two exceptions to the statute of frauds apply: (a) part performance and (b) waiver.

■ *(a) Part Performance.* Under Maine law, part performance, as evidence of the existence of a contract, has historically been an exception to the statute of frauds for contracts to purchase land. *See, e.g., Landry v. Landry,* 641 A.2d 182, 183 (Me.1994); *Bell v. Bell,* 151 Me. 207, 210–11, 116 A.2d 921, 923 (1955). *See also* W.R. Habeeb, *Performance as Taking Contract Not to be Performed Within a Year Out of the Statute of Frauds,* 6

A.L.R.2d 1053 (2004) ("Part performance of an oral agreement for the sale of personal property, not to be performed within a year, does not remove the contract from the operation of the statute of frauds."). The plaintiffs have asserted, without contradiction by the defendants, that part performance can also be an exception to this agreement to purchase a fishing vessel. *But see Restatement (Second) of Contracts* § 130, cmt. e. Arguably the Law Court would permit extension of the part performance doctrine to other contexts. *See Great Hill Fill & Gravel, Inc. v. Shapleigh,* 1997 Me. 75, ¶ 7, 692 A.2d 928, 930 (a contract not to purchase land, but to extract sand and gravel). *Restatement (Second) of Contracts* section 139 also recognizes an estoppel exception that is similar to part performance. I will assume for purposes of the summary judgment motion that part performance is available as an exception.

■ The plaintiffs argue that Lush's actions (specifically performing repairs on the vessel, carrying out his duties as captain and making a down payment) constituted part performance. It is undisputed that Lush performed and supervised repairs, Pls.' Statement of Material Facts ("PSMF") ¶¶ 21, 24 (Docket Item 34); Defs.' Opposing Statement of Material Facts ("DOSMF") ¶¶ 21, 24 (Docket Item 39); Defs.' Statement of Material Facts ¶ 7 (Docket Item 31); Pls.' Opposing Statement of Material Facts ¶ 7 (Docket Item 45), purchased equipment for repairs, PSMF ¶ 48; DOSMF ¶ 48, and made a down payment on the vessel, PSMF ¶ 17; DOSMF ¶ 17.

I conclude that there is a genuine issue of material fact as to whether these actions

---

5. The defendants assert that no agreement was contemplated to be completed in less than one year. *See* Defs.' Statement of Material Facts ¶ 13 (Docket Item 31); Defs.' Mot. for Partial Summ. J. at 2 (Docket Item 31).

amount to part performance of the purchase agreement or merely reflect Lush's role and duties as captain of the vessel.

■■ *(b) Waiver by Admission of the Existence of the Agreement.* Under Maine law, admitting the existence of facts necessary to the formation of a contract takes the oral agreement outside the statute of frauds. *See Mercier v. Town of Fairfield,* 628 A.2d 1053, 1055 (Me.1993); *Paris Utility Dist. v. A.C. Lawrence Leather Co., Inc.,* 665 F.Supp. 944, 956–57 (D.Me.1987); *Dehahn v. Innes,* 356 A.2d 711, 717–18 (Me.1976). Here, the defendants have admitted that Finley, principal of the corporate defendant, agreed to sell the vessel to Lush for $90,000. PSMF ¶¶ 9, 15; DOSMF ¶¶ 9, 15. Because the statute of frauds serves an evidentiary function, this admission is sufficient to avoid its application.[6]

### CONCLUSION

The defendants' motion for partial summary judgment on Counts II and III as to the plaintiff Lush is **DENIED**. The defendants' motion for partial summary judgment on Counts II and III as to the plaintiff Stewart is **GRANTED**.

So **ORDERED**.

---

**6.** "The primary purpose of the [statute of frauds] is evidentiary, to require reliable evidence of the existence and terms of the contract and to prevent enforcement through fraud or perjury of contracts never in fact made." *Restatement (Second) of Contracts* § 131, cmt. c.