STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-259

G A%- yoR - (/' ~~?

VINCENT P. RANDAZZO and
LINDA RANDAZZO,

Plaintiffs

v.                                                    **ORDER**

PETER L. RIST and
KENNEBUNK PROPERTY SERVICES, INC.           ᴰONALD ι, ⸱ ⸱⸱RECHT
d/b/a AMERISPEC HOME INSPECTION SERVICE,         LAW ⱼ ⱼ ᵢᵥ

Defendants                              **MAY** 1 3 2007

This matter comes before the Court on Defendants' Motion for Summary

Judgment pursuant to M.R. Civ. P. 56. Following hearing, the Motion is Denied.

**FACTUAL BACKGROUND**

In December 2003, Vincent and Linda Randazzo ("Plaintiffs") entered into a

contract to buy a home at 34 Varney Drive in Sanford. That agreement allowed them to

obtain an inspection to ensure that the property was satisfactory before proceeding with

the closing. To that end, they contacted Peter Rist and Kennebunk Property Services,

Inc., d/b/a AmeriSpec Home Inspection Service ("Defendants"), to arrange an

inspection. Defendants had inspected another property for Plaintiffs in 1999. On the

day of the inspection, Defendant Rist asked Mr. Randazzo to sign an Inspection

Agreement, which he did. The charge for the inspection was $315. On or about

December 12, 2003, Defendants inspected the Sanford property and prepared a 16-page

report of their findings. Plaintiffs allege that, based on Defendants' mostly favorable

inspection report, they decided to complete the purchase. Plaintiffs moved into the home in June 2004.

Shortly after moving in, Plaintiffs became aware of mold in the basement and water leaking into the basement from the deck area. In addition to property damage, those conditions allegedly caused Plaintiffs to experience respiratory problems similar to bronchitis. Ultimately, they hired E.W. Carpentry to "remove and replace the concrete deck and deck framing" between June and September 2004, at a cost of $25,000. Plaintiffs claim that there was visible wood decay, water damage, and staining in the deck area, which Defendants should have been able to discover in the course of their inspection, either visually or by probing. Plaintiffs obtained a report from Criterium-Mooney Engineers substantiating this in October 2004[1]. Additionally, Plaintiffs contend that they would not have bought the home had they known of these defects.

On February 9, 2005, Plaintiffs sent Defendants a written notice of their claim and demand for relief, as required by the Maine Unfair Trade Practices Act ("UTPA"). Receiving no response, Plaintiffs filed this lawsuit for breach of contract, professional negligence, intentional and negligent misrepresentation, intentional and negligent infliction of emotional distress, and violation of the UTPA. Defendants raised numerous affirmative defenses, including, but not limited to, that Plaintiffs failed to comply with the contract. Defendants moved for summary judgment, contending that Plaintiffs breached the agreement by not notifying Defendants of the problem within the specified time and not allowing Defendants to inspect the area. Alternatively, they

---

[1] The Criterium-Mooney report notes that, while Defendants did discover some decay, they did not realize how significant the decay was, and it would have been apparent to a competent inspector. Criterium inspected the home, reviewed Defendants' report and E.W. Carpentry's report, and examined earlier photos of the home.

2

argue that any damages would be limited to the fee that Plaintiffs paid, as is specified in the contract.

## DISCUSSION

### 1. Summary judgment standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

### 2. Apparent authority.

Plaintiffs argue that Linda Randazzo is not bound by this contract because only Vincent Randazzo signed the contract. Defendants argue that he had apparent authority to sign for her, and Plaintiffs argue that he did not. However, apparent authority is an issue for the fact finder.

The Law Court upheld a jury instruction stating, "apparent authority can arise if the principal knowingly or negligently holds someone out as possessing authority to act for him or her, even though no actual authority has been given." *Twin Island Dev. Co. v. Winchester*, 512 A.2d 319, 324 (Me. 1986). Following that instruction, the jury unanimously found that a husband had apparent authority to enter into an agreement "on behalf of his wife." *Id.* at 324. Though Linda Randazzo did not sign the agreement here, because the spouses were jointly purchasing the home and requesting the

3

inspection, Vincent Randazzo's signature may bind them both. However, this is a question for the fact finder to resolve; therefore, summary judgment is denied on this issue.

### 3. Was There An Oral Contract Before the Written Contract Was Signed?

Also at issue is whether the effective contract in this case was the standard form that Defendants had Mr. Randazzo sign, or the agreement they reached with Mrs. Randazzo over the phone prior to the inspection. "Whether the negotiations contemplated a written instrument in consummation of the agreement or a writing only as a memorial of a completed contract is a matter of intent." *Akerley v. Lammi*, 217 A.2d 396, 398-99 (Me. 1966).

For example, the Law Court did not find that an oral contract had been made where the Department of Human Services allegedly informed a plaintiff that she could receive "adoption assistance 'at the going rate.'" *Cote v. Dept. of Human Svcs.*, 2003 ME 146, ¶ 3, 837 A.2d 140, 141. This was insufficient to constitute an oral contract because there was not enough information to "enable the court to determine the liabilities of the parties." *Id.*

Here, Mrs. Randazzo arranged for an inspection via telephone. Unlike the vague terms of the conversation in *Cote*, this conversation allegedly included services to be performed, date, time, location, and price – material terms of the agreement. Plaintiffs argue that the form presented to Mr. Randazzo at the inspection merely memorialized the already-existing agreement to the inspection, and the binding contract was the oral agreement reached on the phone, and Mrs. Randazzo avers that she would never have agreed to the acute limitations on her remedies if she was aware of them. Defendants argue that the written contract fully spells out the terms of the agreement and is the

4

enforceable contract. The point at which the parties reached an agreement is a factual determination, and summary judgment for Defendants is not warranted on the breach of contract claim.

The entry will be as follows:

Defendants' Motion for Summary Judgment is Denied.

Dated: January 9, 2007

G. Arthur Brennan
Justice, Superior Court

Thomas P. Elias, Esq. - PLS
Phillip S. Bixby, Esq. - DEFS