MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2013 ME 6
Docket:      Cum-12-92
Argued:      October 23, 2012
Decided:     January 10, 2013

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
             JJ.

### SEACOAST RV, INC.

v.

### SAWDRAN, LLC

SAUFLEY, C.J.

[¶1]   Seacoast RV, Inc., appeals from a judgment of the District Court (Portland, *Eggert, J.*) on Seacoast's complaint against Sawdran, LLC, d/b/a Prime Motor Cars.  Prime sold Seacoast a Smart Car that had modifications that voided the manufacturer's warranty and caused mechanical problems that may not have been apparent at the time of sale because the "check engine" light was covered with black electrical tape.  Seacoast's complaint alleged breach of contract, breach of warranty, fraud, violation of the Maine Unfair Trade Practices Act (UTPA), 5 M.R.S. §§ 205-A to 214 (2012), and punitive damages.

[¶2]   At the close of Seacoast's case, Prime moved for a judgment as a matter of law pursuant to Maine Rule of Civil Procedure 50(d) on all counts.  The court granted Prime's Rule 50(d) motion on the UTPA and punitive damages

claims, making findings of fact and conclusions of law pursuant to Maine Rule of Civil Procedure 52(a). *See* M.R. Civ. P. 50(d); *Smith v. Welch*, 645 A.2d 1130, 1132 (Me. 1994) ("The judge . . . does not merely decide the legal sufficiency of the plaintiff's evidence but may decide the factual issues and render judgment against the plaintiff, making findings of fact and conclusions of law under Rule 52(a)." (quotation marks omitted)). The court found that (1) the UTPA was inapplicable because the car had not been purchased primarily for personal use, *see* 5 M.R.S. § 213(1) (2012); and (2) Seacoast failed to prove by clear and convincing evidence that Prime had acted with actual malice or engaged in conduct sufficient to support punitive damages, *see Laux v. Harrington*, 2012 ME 18, ¶ 35, 38 A.3d 318.

[¶3]   At the close of the evidence on the remaining claims, the court concluded that Prime's conduct constituted breach of contract and breach of warranty, but found against Seacoast on the fraud claim. The court rescinded the contract, ordered Prime to refund Seacoast the money paid for the Smart Car, and ordered Seacoast to return the vehicle to Prime.

[¶4]   Seacoast did not move for additional findings pursuant to Rule 52(a) either following the Rule 50(d) judgment or at the close of the trial. *See* M.R. Civ. P. 50(d), 52(a). Therefore, "we will infer that the court made all the necessary findings of fact to support [its] judgment, if those findings are supported by

evidence in the record." *Van Dam v. Spickler*, 2009 ME 36, ¶ 27, 968 A.2d 1040 (quotation marks omitted); *see also* Alexander, *Maine Appellate Practice* § 416(e) at 231 (3d ed. 2008). Furthermore, "When reviewing a judgment entered pursuant to Rule 50(d), we are not required to view the evidence in the light most favorable to the plaintiff. Rather, we must accept the facts found by the court unless those findings are clearly erroneous." *Pine Ridge Realty, Inc. v. Mass. Bay Ins. Co.*, 2000 ME 100, ¶ 27, 752 A.2d 595 (quotation marks omitted).

[¶5] The record contains evidence that the sales documents were redrafted at Seacoast's request to show Seacoast, not an individual, as the purchaser; the sale was arranged as a dealer-to-dealer purchase, rather than a personal-use purchase; and the arrangement avoided the ordinary, immediate payment of sales tax.[1] *See* 36 M.R.S. § 1752(11)(B)(10) (2012) (providing that the term "[r]etail sale" does not include sales "to a retailer that has been issued a resale certificate pursuant to section 1754-B, subsection 2-B" (quotation marks omitted)); 36 M.R.S. § 1811 (2012) (imposing a sales tax "on the value of all tangible personal property . . . sold at *retail* in [Maine]") (emphasis added)). Thus, the record supports the court's finding that Seacoast did not purchase the Smart Car primarily for personal purposes, and, therefore, cannot bring a private cause of action pursuant to the

---

[1] Although not demonstrated by evidence in the record, Seacoast asserted at oral argument that it had paid Maine use tax on the Smart Car. *See* 36 M.R.S. § 1861 (2012) ("When tangible personal property purchased for resale is withdrawn from inventory by the retailer for the retailer's own use, use tax liability accrues at the date of withdrawal.").

4

UTPA. *See* 5 M.R.S. § 213(1); 29-A M.R.S. § 851(2) (2012); 29-A M.R.S. § 951(1)(A) (2012); 36 M.R.S. § 1752(11)(B)(10); 36 M.R.S. § 1754-B(2) (2012); 36 M.R.S. § 1811; *Van Dam*, 2009 ME 36, ¶ 27, 968 A.2d 1040; *Pine Ridge Realty, Inc.*, 2000 ME 100, ¶ 27, 752 A.2d 595.

[¶6]  Nor did the court commit clear error by finding that Prime lacked the malice necessary to justify punitive damages, *see* M.R. Civ. P. 50(d); *Laux*, 2012 ME 18, ¶ 35, 38 A.3d 318; *Pettee v. Young*, 2001 ME 156, ¶ 22, 783 A.2d 637; *Smith*, 645 A.2d at 1132, err in refusing to award attorney fees for a breach of contract and breach of warranty, *see Foremost Ins. Co. v. Levesque*, 2007 ME 96, ¶¶ 5-6, 926 A.2d 1185, or commit clear error by rejecting Seacoast's fraud claim, *see N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 19, 26 A.3d 794; *Flaherty v. Muther*, 2011 ME 32, ¶ 55, 17 A.3d 640.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Neal L. Weinstein, Esq., Old Orchard Beach, for appellant Seacoast RV, Inc.

Bruce C. Gerrity, Esq., and Roy T. Pierce, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland, for appellee Sawdran, LLC

**At oral argument:**

Neal L. Weinstein, Esq., for appellant Seacoast RV, Inc.

Roy T. Pierce, Esq., for appellee Sawdran, LLC

Portland District Court docket number CV-2011-61
FOR CLERK REFERENCE ONLY