ENTERED AUG 0 6 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. RE-14-35

JON-YOR-06-23-14

BANK OF NEW ENGLAND,          )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )
HOWARD PATTEN a/k/a HOWARD    )
L. PATTEN and MARTHA J. PATTEN,)
                              )
          Defendants.         )

ORDER ON PLAINTIFF'S
MOTION TO DISMISS

I.     Background

Defendant Howard Patten was an owner of two development companies: Sanders Point, LLC, and P & S Associates, LLC. On July 25, 2007, P & S executed and delivered to BNE a Demand Note. Defendant Howard Patten also executed a separate individual guaranty of the P & S Note which he secured by granting Plaintiff a mortgage on his residence at 6 Spencer Way Property. Defendant Howard Patten further personally guaranteed the obligations of a separate loan from Plaintiff to Sanders Point, LLC, again securing the guarantee with a mortgage to Plaintiff on his residence at 6 Spencer Way.

Plaintiff asserts that both Sanders Point, LLC and P & S Associates, LLC have defaulted on the terms of their notes. Plaintiff has foreclosed on both companies, and applied the proceeds to their debts. Plaintiff contends that a deficiency remains. Plaintiff is now seeking a judgment of foreclosure on the 6 Spencer Way Property. Defendant contests the defaults and brings counterclaims for accounting, breach of fiduciary duty, intentional misrepresentation, negligent misrepresentation, and claims under the Maine Unfair Trade Practices Act. Plaintiff moves the court from an exemption from the foreclosure mediation process.

II.    Discussion

       A. Foreclosure Mediation

1

Plaintiff moves the court for an exemption from the foreclosure mediation process on the basis that the mortgage was issued as collateral to secure a commercial loan. Defendants object, arguing that they are owner-occupiers of the property, and therefore entitled to mediation pursuant to 14 M.R.S § 6321-A(3) and M.R. Civ. P. 93.

According to 14 M.R.S § 6321-A(3), "the court shall adopt rules to establish a foreclosure mediation program to provide mediation in actions for foreclosure of mortgages on owner-occupied residential property with no more than 4 units that is the primary residence of the owner-occupant." 14 M.R.S § 6321-A(3) (2013). Rule 93 defines "owner-occupied" as: "an individual who is the mortgagor of a residential property that is that individual's primary residence. The term may include two or more individuals who are joint mortgagors of that residential property." M.R. Civ. P. 93(a)(3). There is an exemption to the mediation program and any delays associated with required mediation of foreclosure matters for commercial loans. M.R. Civ. P. 93(d)(2). "Commercial Loan" is defined as: "a loan made to a borrower in which the proceeds of the loan are not used, in whole or in part, for personal, family or household purposes, and/or are not used to refinance a loan made in whole or in part for personal, family or household purposes." M.R. Civ. P. 93(a)(1). Moreover, M.R. Civ. P. 93(d))(2) states: "In any actions where the mortgage acts as collateral given solely to secure a commercial loan, counsel for the plaintiff, … may file and serve with the complaint a motion requesting exemption from the deferral." M.R. Civ. P. 93(d)(2). However, the court may still require mediation and the associated delays in court proceedings where the court finds that "its application is in the best interests of justice."

In the case before the court, Plaintiff is correct that the loan in question fits the definition of a commercial loan. Therefore, it is likely that M.R. Civ. P. 93(d)(2) applies. However, regardless of the commercial nature of the loan at its origination, in this case in which Defendant meets the

2

definition of an "owner-occupier" and has requested mediation, it is in the best interest of justice to require mediation.

### B. Motion to Dismiss Counterclaims

#### a. Statute of Limitations

Plaintiff claims that any counterclaim that Defendant could bring would have accrued at the time of the closing of the commercial loan in July 2007, and therefore Defendant's counterclaims are barred by the statute of limitations. Where a plaintiff asserts that the cause of action was fraudulently concealed from the plaintiff or where a plaintiff asserts a cause of action of fraud, the statute of limitations is tolled until the plaintiff discovers the fraud or would have discovered the fraud had the plaintiff exercised due diligence and ordinary prudence. 14 M.R.S 859 (2014) ("*If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in section 3580.*"); Westman v. Armitage, 215 A.2d 919, 921-22 (Me. 1966). In this case, Defendant (or Counterclaim-Plaintiff) alleges that Plaintiff fraudulently concealed information about Defendant's business partner from Defendant, thereby breaching a fiduciary duty owed to Defendant. The court accepts the facts as pled by Defendant to be true. For the purpose of this motion, the statute of limitations is tolled until the fraud would reasonably have been discovered.

#### b. Forbearance Agreement

The Forbearance Agreement was entered into by the parties on April 11, 2013. In the Forbearance Agreement, Defendant agreed to forbear on collection of the loans and to restructure of the loans. The Forbearance Agreement states that Defendant releases Plaintiff from any and

3

all claims in law and equity in any way relating to the Loans or the Forbearance Agreement. Pl.'s Mot. to Dismiss, Ex. A ¶ 14. The court considers the Forbearance Agreement as a part of the Motion to Dismiss as it is integrated into the original loan agreements, which merge into the pleadings. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶¶ 7-11, 843 A.2d 43.

Plaintiff argues that this action must be dismissed because Defendant has released Plaintiff from liability on all matters related to the loans and the Forbearance Agreement. Defendant argues that the Forbearance Agreement is invalid because he was fraudulently induced to sign the agreement at risk of losing his home. Defendant contends that Plaintiff's fraud of failure to inform Defendant of his business partner's poor finances forced Plaintiff into an unenforceable loan and the subsequent necessary restructure in which the bank required forfeiture of his defenses, therefore making the Forbearance Agreement unenforceable. See Cote v. Dep't of Human Servs., 2003 ME 146, 837 A.2d 140, 142. For purposes of a motion to dismiss, Defendant has sufficiently pled fraud. Defendant has stated a claim upon which relief may be granted.

### c. Breach of Fiduciary Duty

Plaintiff moves the court to dismiss Defendant's counterclaim for breach of fiduciary duty claiming that Defendant has failed to plead all elements of the claim and therefore did not state a claim on which relief may be granted. Plaintiff contends that Defendant failed to plead a fiduciary relationship. "The salient elements of a [fiduciary relationship] are the actual placing of trust and confidence in fact by one party in another and a great disparity of position and influence between the parties to the action." Morris v. Resolution Trust Corp., 622 A.2d 708, 712 (Me. 1993).

4

Defendant analogizes his relationship with Plaintiff with the fiduciary relationship presented in Morris. In Morris, the Court found that a fiduciary relationship may exist where the defendant knows the plaintiff is relying upon the information provided and defendant professes to have superior knowledge of the situation. Id. A plaintiff is not further required to show that he is incapable of protecting his own interests. Id. Defendant has pled facts suggesting a fiduciary relationship. Defendant claims that Plaintiff introduced Defendant to both Mr. Moore to create Sanders Point LLC and Mr. Sabatini to create P & S Associates, LLC. Defendant contends that when Plaintiff introduced Defendant to Mr. Sabatini as a business partner, Plaintiff informed Defendant that Mr. Sabatini was financially sound. Defendant contends that Plaintiff was aware that Defendant would trust Plaintiff's recommendation, as this was the third business opportunity Plaintiff had brought to Defendant. Defendant contends that Plaintiff was aware of Mr. Sabatino's financial difficulties prior to the closing of the commercial loan and failed to inform Defendant. The court views the facts as pled in the light most favorable to Defendant and finds that Defendant has pled a fiduciary relationship. The court finds that Defendant has stated a claim for Breach of Fiduciary Duty. Plaintiff's Motion to Dismiss Defendant's counterclaim of Breach of Fiduciary Duty is Denied.

> d. Accounting

Plaintiff moves to dismiss Defendant's counterclaim of accounting for failure to show a fiduciary relationship.

> To warrant a court of equity in assuming jurisdiction where fiduciary relations
> exist it must appear that an accounting is necessary to determine the amount due,
> and that defendant has been intrusted with plaintiff's property and is bound to
> show his dealings therewith.

Gallagher v. Aroostook Fed'n of Farmers, 135 Me. 386, 388, 197 A. 554 (1938). As discussed above, the court finds, for the purpose of this Motion to Dismiss, that Defendant has pled a

5

fiduciary relationship. Defendant has pled the elements of the equitable claim of accounting. Plaintiff's Motion to Dismiss Defendant's Counterclaim of Accounting is denied.

### e. Unfair Trade Practices

Plaintiff moves the court to dismiss Defendant's claim for Unfair Trade Practices brought pursuant to 5 M.R.S. § 213 (2013). The Unfair Trade Practices Act states:

> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper.

5 M.R.S. § 213 (2013). A transaction must be made "primarily for personal, family or household purposes" in order for an individual to have a UTPA claim. Seacoast RV, Inc. v. Sawdran, LLC, 2013 ME 6, ¶ 5, 58 A.3d 1135, (*"The record supports the court's finding that Seacoast did not purchase the Smart Car primarily for personal purposes, and, therefore, cannot bring a private cause of action pursuant to the UTPA."*) The court recognizes that the loan in question was secured by Defendant's residence, however, the purpose of the loan was not personal. All parties agree that the purpose of the loan was a business venture. As such, Defendant does not have a private right of action pursuant to the UTPA. The court grants Plaintiff's Motion to Dismiss Defendant's counterclaim of Unfair Trade Practices.

### III. Conclusion

The court Denies Plaintiff's Motion for Exemption from Mediation.

The court Denies Plaintiff's Motion to Dismiss Defendant's Counterclaims of Intentional Misrepresentation, Negligent Misrepresentation, Breach of Fiduciary Duty and Accounting.

6

The court Grants Plaintiff's Motion to Dismiss Defendant's Counterclaim of Unfair Trade Practices.

DATE:   6/23/14

_____
John O'Neil, Jr.
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
JOHN MCVEIGH
ADAM J SHUB
PRETI FLAHERTY BELIVEAU PACHIOS LLP
PO BOX 9546
PORTLAND ME  04112


ATTORNEY FOR DEFENDANT:
MARK E PORADA
GAVIN MCCARTHY
PIERCE ATWOOD
MERRILLS WHARF
254 COMMERCIAL STREET
PORTLAND ME  04101