A91A0202. GIBSON v. SOUTHERN GENERAL INSURANCE COMPANY.
(406 SE2d 121)

COOPER, Judge.

Appellant appeals the order of the trial court granting summary judgment to Southern General Insurance Company ("Southern General") and denying appellant's motion for partial summary judgment on his claim for legal expenses and attorney fees incurred in defending a declaratory judgment action brought by Southern General.

This suit arose out of an automobile accident which took place while appellant was driving an automobile owned by Vicki Brown ("Brown") in which Brown was a passenger. Brown initiated a personal injury action against appellant in the State Court of Fulton County for injuries allegedly incurred by Brown during the accident. Appellant's insurance carrier, Southern General, defended the personal injury action on appellant's behalf pursuant to a reservation of

rights, and then filed a declaratory judgment action in the Superior Court of Fulton County naming appellant and Brown as defendants. The action sought a ruling that no coverage existed under the policy because of the "use of other automobiles" exception which excluded liability coverage with respect to any nonowner "automobile . . . furnished for regular use . . . to the named insured. . . ." Appellant counterclaimed in the declaratory action and sought court costs and attorney fees. After Southern General voluntarily dismissed the declaratory action, appellant filed a motion pursuant to OCGA § 9-15-14, also seeking litigation costs and attorney fees for defending the declaratory judgment action. Appellant and Southern General filed cross-motions for partial summary judgment on the issue of liability on the appellant's counterclaim and motion. The trial court granted Southern General's motion and denied appellant's motion on the basis that appellant failed to show that Southern General "acted in bad faith, interposed this suit for delay, or brought a law suit that lacks merit." Having determined that no other issue remained to be decided in the case, the court entered judgment in favor of appellee.

In four enumerations of error, appellant contends the trial court erred by granting summary judgment to Southern General and denying appellant's motion because there were three legal theories under which appellant could recover his legal expenses and attorney fees.

1. Appellant's reliance on OCGA § 13-6-11 as authority for allowing a defendant to recover legal expenses and attorney fees for defending an action under the circumstances present in this case is misplaced. Although OCGA § 13-6-11 creates a cause of action for bad faith damages to a plaintiff for having to resort to litigation, no such provision is available to a defendant in the absence of "viable independent counterclaims asserting [a claim for relief independent of the assertion of the [plaintiff's] harassment, litigiousness and bad faith in bringing [its suit]." *Florida Rock Indus. v. Smith*, 163 Ga. App. 361, 363 (3) (294 SE2d 553) (1982). Appellant, having asserted no other independent claim against Southern General other than a claim for litigation costs and attorney fees, is not a true plaintiff in counterclaim so as to claim litigation expenses under OCGA § 13-6-11. See *Vogtle v. Coleman*, 259 Ga. 115 (2) (376 SE2d 861) (1989).

2. Appellant's reliance on OCGA § 33-7-15 (b.1) as authority for allowing him to recover legal expenses and attorney fees in the present action is similarly misplaced. This court has previously held that recovery of attorney fees under OCGA § 33-7-15 (b.1) is limited to those situations involving non-cooperation by an insured with his insurance company. *Hall v. Canal Ins. Co.*, 195 Ga. App. 16 (392 SE2d 340) (1990). "[A]lthough the language of subsection (b.1) does not expressly limit recovery of attorney fees only to situations of non-cooperation by the insured, placement of the subsection in the context of

OCGA § 33-7-15 leads to the conclusion that the legislature did intend to so limit the application of the subsection." Id. at 17. Inasmuch, as the declaratory action filed in the present case involved the interpretation of a policy exclusion rather than the failure of the appellant to cooperate with Southern General, OCGA § 33-7-15 (b.1) is inapplicable.

3. The third Code provision upon which appellant relies as authority for recovery of legal expenses and attorney fees under the present circumstances is OCGA § 9-15-14. Subsection (a) of OCGA § 9-15-14 provides that "reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Subsection (b), on the other hand, provides that "[t]he court may assess reasonable and necessary attorney's fees and expenses of litigation . . . if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . . As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." Claims asserted pursuant to either subsection (a) or (b) are to be adjudicated by the trial court without a jury. OCGA § 9-15-14 (f); *Ferguson v. City of Doraville*, 186 Ga. App. 430 (2) (367 SE2d 551) (1988), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119, fn. 8, supra. The standard of review for motions under OCGA § 9-15-14 (a) is the "any evidence" rule, and the standard of review for motions under OCGA § 9-15-14 (b) is the "abuse of discretion" rule. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524 (4c) (360 SE2d 566) (1987).

The basis for appellant's claim that he was entitled to attorney fees and litigation costs under OCGA § 9-15-14 was appellant's belief that Southern General was obligated under the insurance policy to defend and pay the costs of appellant's defense of the declaratory judgment action brought by Southern General by the following language:

"**II. Defense, Settlement, Supplementary Payments.** With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: (a) defend any suits against the insured alleging such injury, sickness, disease or destruction, and seeking damages on account thereof, even if such suit is groundless, false or fraudulent. . . ."

Contrary to appellant's belief, this policy provision did not obligate Southern General to defend appellant in the declaratory action seeking a determination of Southern General's liabilities and obligations under the insurance policy. The right of an insurance company to seek declaratory clarification of its obligations under an insurance policy has long been recognized by this court. *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245) (1976). Absent a showing of bad faith, fraud or litigiousness, the expenses of an insured incurred in the defense of a legitimate request for a declaration of rights through the use of a declaratory action are not recoverable from an insurance company. *Hilde v. U. S. Fire Ins. Co.*, 184 Ga. App. 611, 614 (362 SE2d 69) (1987); *Maryland Cas. Co. v. Sammons*, 63 Ga. App. 323 (2) (11 SE2d 89) (1940).

The evidence before the trial court was void of any showing of bad faith on the part of Southern General. Appellant contends that bad faith is evidenced by Southern General's payment, prior to the filing of the declaratory action, of a claim made by Georgia Power Company for property damage arising out of the same accident and has attached to his brief a copy of the check evidencing the payment to Georgia Power Company; however, the check was not part of the record before the trial court. " ' "[A] brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record." ' [Cit.]" *Rowe v. Rowe*, 195 Ga. App. 493 (1) (393 SE2d 750) (1990). There was, however, sufficient evidence in the record to support Southern General's contention that it filed the declaratory action after its investigation disclosed that the address given for appellant's insurance application was the same as Brown's address and that appellant had paid for tires and the maintenance costs of Brown's automobile. The trial court concluded that Southern General's declaratory action justifiably sought a determination that the insurance company was not obligated to appellant under the "use of other automobiles" exception in the insurance policy. Finding no evidence of bad faith, fraud or litigiousness, under both standards of review set forth above, the record supports the trial court's decision.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 28, 1991.

*George P. Graves*, for appellant.
*Michael L. Wetzel & Associates, Michael L. Wetzel*, for appellee.