2003 ME 143

**Douglas MALLAR**

v.

**PENN–AMERICA INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2003.
Decided: Dec. 9, 2003.

Thomas J. Connolly, Esq., Portland, for plaintiff.

Thomas V. Laprade, Esq., Lambert Coffin, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] After witnessing the murder of a bartender and obtaining a $300,000 judgment against the pub for negligent infliction of emotional distress, Douglas Mallar brought a declaratory judgment action against the pub's liability insurer, seeking a determination that the pub's general liability policy provided coverage for his damage award. Mallar appeals from a summary judgment entered in the Superior Court (Cumberland County, *Warren, J.*) in favor of Penn–America Insurance Company contending that the court erred when it determined that the insurance policy's "assault and battery exclusion" relieved Penn–America from any duty to indemnify. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The facts are undisputed. On February 7, 1999, as Mallar sat at the bar in the Bridge Street Pub, he observed the bartender engage in a verbal altercation with a customer. The customer, after having been removed from the pub, returned with a gun and shot the bartender dead. Mallar was sprayed with the bartender's blood.

[¶ 3] At the time of the murder, Penn–America insured the pub under a standard general liability insurance policy. The policy contained an "assault and battery exclusion," which denied indemnification for:

> "Bodily Injury," "Property Damage," Personal Injury ... or any other damages resulting from assault and battery or physical altercations that occur in, on, near or away from the insured's premises;
>
> 1. Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons or other persons in, on, near or away from insured's premises ....

Pursuant to the above exclusion, Penn–America denied coverage. Mallar filed a declaratory judgment action, and after the Superior Court granted Penn–America's motion for summary judgment, filed this appeal.[1]

---

1. The standard of review in these cases is well documented:

> In reviewing the grant of a summary judgment, we take the evidence in the light most favorable to [the insured] to determine if the court committed any errors of law in the interpretation of [the] insurance policy. The interpretation of an insurance contract

## II. DISCUSSION

[¶ 4] Mallar argues that the tort of negligent infliction of emotional distress is an independent tort and that the proximate cause of his severe emotional distress was not the witnessing of a murder, but the behavior of the bartender when she breached her duty of care by "negligently accosting [and] taunting" the customer who later killed her.

[¶ 5] Penn–America contends that although Mallar may have been granted judgment on a negligent infliction of emotional distress claim, his damages arose from the murder, and therefore Penn–America's assault and battery exclusion applies.

[¶ 6] We need not decide whether the bartender's actions were a proximate cause of Mallar's injuries because his injuries resulted from an assault and battery. *See, e.g., Winnacunnet Coop. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 84 F.3d 32, 37 (1st Cir.1996) (explaining that, although the plaintiffs allocated blame elsewhere, their alleged injuries nonetheless originated from a murder). Although Mallar submits that the bartender's taunting was a proximate cause of his emotional distress, witnessing the murder was unquestionably the cause-in-fact.

[¶ 7] The policy's "assault and battery exclusion" expressly states that Penn–America will not indemnify for "any ... damages resulting from assault and battery or physical altercations that occur in ... the insured's premises ... at the instigation of, or with the direct or indirect involvement of ... the insured's employees." The exclusion is not ambiguous and Mallar has failed to "show that his injury [fell] within the scope of the contract." *Pelkey v. Gen. Elec. Capital Assurance Co.,* 2002 ME 142, ¶ 10, 804 A.2d 385, 387.

The entry is:

Judgment affirmed.

is a matter of law that we review de novo. Insurance contract language is ambiguous if it is reasonably susceptible of different interpretations or if any ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought. Any ambiguity in an insurance contract is construed strictly against the insurer and liberally in favor of the insured. It is [the insured's] burden, however, to show that his injury falls within the scope of the contract.
*Pelkey v. Gen. Elec. Capital Assurance Co.,* 2002 ME 142, ¶ 10, 804 A.2d 385, 387 (internal quotations and citations omitted).