2007 ME 96

**FOREMOST INSURANCE COMPANY**

v.

**Robert LEVESQUE et al.**

Supreme Judicial Court of Maine.

Argued: April 10, 2007.
Decided: July 26, 2007.

---

James E. Fortin, Esq. (orally), Douglas, Denham, Buccina & Ernst. P.A., Portland, for plaintiff.

Wenonah M. Wirick, Esq. (orally), Law Office of J. Michael Conley, PC, Bath, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, SILVER, and MEAD, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Dissent: MEAD, J.

## CALKINS, J.

[¶ 1] The question in this case is whether Robert Levesque is entitled to an award of attorney fees because he prevailed in this declaratory judgment action brought by his insurance company. In *Foremost Insurance Co. v. Levesque* (*Foremost I*), 2005 ME 34, 868 A.2d 244, we affirmed the judgment declaring that Foremost Insurance Company had the duty to indemnify Levesque for a personal injury claim arising from an incident on Levesque's property. *Foremost* now appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*) ordering Foremost to pay Levesque's attorney fees for his defense in this action. Foremost contends that it is not liable for Levesque's attorney fees in the declaratory judgment action because it fulfilled its duty to defend Levesque against the personal injury claim. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The facts of the incident that gave rise to the personal injury claim against Levesque are set forth in *Foremost I*. Foremost retained an attorney to defend Levesque in the underlying personal injury action under a reservation of the right to deny coverage. When Foremost filed the declaratory judgment action the retained attorney in the underlying case advised Levesque to hire other counsel to defend the new case, and Levesque hired an attorney to represent him in the declaratory judgment action.[1]

---

1. Contrary to our admonitions in *Patrons Oxford Mutual Insurance Co. v. Garcia*, 1998 ME 38, ¶ 10, 707 A.2d 384, 387, and *Travelers*

[¶ 3] Nothing of substance transpired in the underlying case while the declaratory judgment action was pending. In its summary judgment motion in the declaratory judgment action, Foremost stated that it was seeking a declaration of both its duty to defend and its duty to indemnify. The court granted summary judgment against Foremost and declared that it had the duty to indemnify Levesque. After we affirmed the declaratory judgment in *Foremost I*, the underlying personal injury action settled and was dismissed.

[¶ 4] Levesque then moved in the declaratory judgment action for an order requiring Foremost to reimburse him for the amount expended on attorney fees defending against Foremost's claim that it had no duty to indemnify. The court ordered Foremost to pay Levesque's attorney fees, and Foremost appealed.[2]

## II. DISCUSSION

▮▮▮ [¶ 5] We review an award of attorney fees from an insurer to an insured de novo. *Me. Mut. Fire Ins. Co. v. Gervais*, 1999 ME 134, ¶ 6, 745 A.2d 360, 362. Whether the court has authority to award attorney fees is a matter of law. *Gibson v.*

*Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1354 (Me.1996).

▮▮▮ [¶ 6] This declaratory judgment action is a contract dispute. It asked the court to determine whether the insurance contract required Foremost to indemnify Levesque for the personal injury claim against him. Generally, the prevailing party in a breach of contract action is not entitled to attorney fees absent a provision in the contract requiring payment of such fees. *Id.* The so-called American Rule provides that parties are responsible for their own attorney fees absent a statutory or contractual provision stating otherwise. *Union Mut. Fire Ins. Co. v. Town of Topsham*, 441 A.2d 1012, 1017 (Me.1982). However, with respect to insurance contracts, we have declared that an insurer may be liable for an insured's attorney fees in a declaratory judgment action in which the insured or the insurer seeks to establish the insurer's duty to defend and a comparison of the complaint with the policy demonstrates potential liability within the coverage of the policy. *Gibson*, 673 A.2d at 1354–55; *Union Mut. Fire Ins. Co.*, 441 A.2d at 1019.

---

*Indemnity Co. v. Dingwell*, 414 A.2d 220, 227 (Me.1980), Foremost brought its declaratory judgment action seeking a determination of its duty to indemnify while the underlying personal injury case was pending. The duty to indemnify may depend on the actual facts of the underlying case in contrast to the duty to defend, which arises when a comparison of the complaint with the policy demonstrates a potential for coverage. *U.S. Fid. & Guar. Co. v. Rosso*, 521 A.2d 301, 303 (Me.1987). We have said that the duty to indemnify action should not be brought, or should be stayed, until the underlying action is completed in order to avoid duplicative litigation and to spare insureds the costs of declaratory judgment actions. *Id.* at 303 & n. 1; *see also N. Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1323 (Me.1996) (stating that if a court concludes that an insurer owes its insured the duty to defend her in the underlying action then the

court should delay ruling on indemnity, because facts may come out in the course of the action that are material to the issue); *Am. Universal Ins. Co. v. Cummings*, 475 A.2d 1136, 1137 n. 1 (Me.1984) ("caution[ing] against prematurely deciding the issue of indemnification").

2. Foremost argued in the Superior Court that Levesque's motion for attorney fees was untimely pursuant to M.R. Civ. P. 54(b)(3), and he raises that issue on appeal. We agree with the court that Levesque's motion is timely because he filed his motion for fees within thirty days of final disposition. *See* M.R. Civ. P. 54(b)(3). Also, the court noted that the motion came as no surprise to Foremost because after each stage of the litigation, Levesque submitted attorney fees statements to Foremost asking the company to pay for his attorney's services.

[¶ 7] The Legislature codified this requirement that insurance companies pay the attorney fees of the insured when the insured prevails in a declaratory judgment action to establish the insurer's duty to defend subsequent to our decision in *Gibson*. The statute states that when there is a declaratory judgment action "to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees." 24-A M.R.S. § 2436–B(2) (2006).

[¶ 8] We have not previously determined whether an insurer is liable for the insured's attorney fees when the insured has to defend against the insurer's suit seeking a declaration that there is no duty to indemnify. Section 2436–B(2) does not answer the question because it speaks only to actions "to determine an insurer's contractual duty to defend."

[¶ 9] While it may be possible to interpret "duty to defend" in section 2436–B(2) as including the phrase "duty to indemnify," we do not think that such an approach is warranted. The Legislature clearly intended to codify the law with regard to duty to defend. It did not speak one way or the other to the duty to indemnify. Because statutory law does not answer the question, we are left to decide as a matter of common law whether there should be an exception to the American Rule when the insured prevails in a lawsuit on the duty to indemnify in which the insured has had to incur attorney fees and costs to defend the suit.

[¶ 10] In *Gibson*, we spoke of the "special relationship between insurer and insured" and the heavy burden that can fall on an insured when the insurer unsuccessfully forces the insured to defend a declaratory judgment action. *Gibson*, 673 A.2d at 1354. We said that the insured should be "place[d] ... in a position equally as good as the insured would have occupied had the insurance contract been fully and properly performed from the beginning." *Id.* at 1355. The same reasons that support the assessment of attorney fees in a duty to defend action also support the assessment of fees in a duty to indemnify action.

[¶ 11] Foremost contracted with Levesque to defend and pay claims against him for personal injuries occurring on his property. When such a claim was made against Levesque, Foremost properly hired an attorney to defend Levesque, but while that underlying case was pending, Foremost sought a declaration that it did not have to pay any claim. If Levesque had not defended against that declaratory judgment action, a default judgment would have issued against Levesque, and Foremost would have prevailed even though it was responsible under the insurance contract to indemnify Levesque. Levesque chose to contest the declaratory judgment action and to hire an attorney to do so. Levesque's decision to hire an attorney allowed him to prevail in the declaratory judgment case and obtain a judgment stating that Foremost had a duty to indemnify Levesque. Although the insurance policy required Foremost to pay the personal injury claim, Levesque incurred a substantial attorney fee to obtain this result and through no fault of his own. Unless we extend the common law exception to the American Rule that we developed in *Gibson* and *Union Mutual* to include duty to indemnify actions, Levesque's contractual right is substantially diminished.

[¶ 12] There is no dispute that a declaratory judgment action to determine a duty to defend places an onerous burden on the insured and that the prospect of having to pay attorney fees makes the insurance company appropriately cautious. Levesque's position in this case is as onerous as that of an insured who is initially met

with a duty to defend suit. Successful insureds in both situations lose financially unless they are made whole by payment of their attorney fees.

[¶ 13] A distinction between duty to defend cases and duty to indemnify cases is that duty to defend cases involve the comparison of the policy with the alleged facts of the complaint whereas duty to indemnify cases involve the comparison of the policy with the facts proved at trial. *See York Ins. Group of Me. v. Lambert,* 1999 ME 173, ¶¶ 4–5, 740 A.2d 984, 985. That distinction is not relevant here. As discussed above, Foremost sought a declaration of its duty to indemnify while the underlying personal injury suit was pending and before the facts were proved. To the extent that there is a difference between the two cases because the duty to indemnify is narrower than the duty to defend, that difference is not significant when the duty to indemnify action is brought before judgment in the underlying case and when, as here, it essentially stops the underlying case. Just as the prevailing insured in the duty to defend action loses a substantial benefit of the insurance when he is sued by the insurer, the prevailing insured in the duty to indemnify action loses the benefit of his bargain with his insurer when he has to pay an attorney to defend him against the insurer.

[¶ 14] We recognize that most states deciding this issue have not deviated from the American Rule for either the duty to defend or duty to indemnify declaratory judgment actions.[3] Indeed, we noted in *Union Mutual* that more states had denied attorney fees to insureds than had allowed the recovery of fees. 441 A.2d at 1018. Nonetheless, we decided to join the minority of jurisdictions who allowed fees. *Id.* at 1019.

[¶ 15] There are several jurisdictions that allow attorney fees when an insured defends a declaratory judgment action brought by the insurer. These jurisdictions have extended the right to recover attorney fees because the "disparity of bargaining power between an insurance company and its policyholder makes the insurance contract substantially different from other commercial contracts." *Olympic S.S. Co. v. Centennial Ins. Co.,* 117 Wash.2d 37, 811 P.2d 673, 681 (Wash.1991). A West Virginia case noted that the insured purchased her policy to protect herself from future litigation, not to incur "vexatious, time-consuming, expensive litigation with [her] insurer."[4] *Hayseeds,*

---

3. Currently, eight jurisdictions hold that attorney fees cannot be awarded. *First State Underwriters Agency of New Eng. Reinsurance Corp. v. Travelers Ins. Co.,* 803 F.2d 1308, 1318 (3d Cir.1986) (applying Pennsylvania law); *Gibson v. S. Gen. Ins. Co.,* 199 Ga.App. 776, 406 S.E.2d 121, 124 (1991); *Bhd. Mut. Ins. Co. v. Roseth,* 177 Ill.App.3d 443, 126 Ill.Dec. 669, 532 N.E.2d 354, 360–61 (1988); *N.H. Ins. Co. v. Christy,* 200 N.W.2d 834, 845 (Iowa 1972); *Nelson v. Am. Reliable Ins. Co.,* 286 Minn. 21, 174 N.W.2d 126, 131 (1970); *Lujan v. Gonzales,* 84 N.M. 229, 501 P.2d 673, 682–83 (Ct.App.1972); *Am. States Ins. Co. v. Walker,* 26 Utah 2d 161, 486 P.2d 1042, 1044 (1971); *see Green v. Standard Fire Ins. Co. of Ala.,* 477 So.2d 333, 335 (Ala.1985). Five states disallow attorney fees when the insured files the declaratory judgment action to determine coverage, but these states have not ruled on whether the same result would apply if the insurer had filed the declaratory judgment action. *Previews, Inc. v. Cal. Union Ins. Co.,* 640 F.2d 1026, 1029–30 (9th Cir.1981) (applying California law); *State Farm Mut. Auto. Ins. Co. v. O'Brien,* 24 Ariz.App. 18, 535 P.2d 46, 49–50 (1975); *Alombro v. Salman,* 536 So.2d 764, 767 (La.Ct.App.1988); *Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co.,* 145 N.J. 345, 678 A.2d 699, 708–09 (1996); *Carter v. Va. Sur. Co.,* 187 Tenn. 595, 216 S.W.2d 324, 328 (1948).

4. The Supreme Court of Appeals of West Virginia further explained its choice to adopt the minority view this way:

Although the disparity of bargaining power between company and policyholder (often exacerbated by the dynamics of the

*Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 79 (1986).

[¶ 16] In addition to Washington and West Virginia, New York also allows attorney fees. In *United States Underwriters Insurance Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 789 N.Y.S.2d 470, 822 N.E.2d 777, 779–80 (2004), the court held that an insurer that brought a declaratory judgment action to determine its duty to indemnify the insured must pay the insured's attorney fees because "an insurer's duty to defend extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action."

[¶ 17] We are persuaded that we should extend the rule announced in *Union Mutual* and *Gibson* to declaratory judgment actions by an insurer seeking a declaration that it has no duty to indemnify. When an insured prevails after incurring legal fees to defend a suit brought by its insurer, policy reasons support the allowance of attorney fees to the insured. Unsuccessful litigation filed by an insurer against its insured subjects the insured to significant costs that may render victory for the insured on the indemnification issue meaningless. In that case, the insured will be in no better position than he would be without having purchased insurance.

[¶ 18] Because Levesque incurred attorney fees when he successfully defended against Foremost's declaratory judgment action on the duty to indemnify, the Superior Court properly awarded Levesque attorney fees.

The entry is:

Judgment affirmed.

MEAD, J., dissenting.

[¶ 19] It is well established that with respect to the payment of attorney fees, Maine follows the so-called American Rule, which provides that litigants generally bear the expense of their own attorney fees in the absence of specific statutory authority, court-created exceptions, or contractual provisions to the contrary. *See Soley v. Karll*, 2004 ME 89, ¶ 10, 853 A.2d 755, 758 (citation omitted). We have previously carved out an exception to this Rule by allowing an insured to recover attorney fees accumulated in the successful defense of a declaratory judgment action brought by the insurer seeking a judicial ruling on its duty to defend pursuant to the terms of the insurance contract. *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1354–55 (Me.1996); *Union Mut. Fire Ins. Co. v. Town of Topsham*, 441 A.2d 1012, 1019 (Me.1982). The Legislature has codified this Rule in 24-A M.R.S. § 2436-B(2) (2006). The Court today creates another exception to the American Rule by allowing an insured to recover attorney fees in declaratory judgment actions commenced by the insurer to determine its duty to indemnify.[5] Because this

settlement bureaucracy) make insurance contracts substantially different from other commercial contracts, efforts to provide greater balance have been halting at best, and have often depended upon fictions such as lack of "good faith" to circumvent general prohibitions against fee-shifting. The unstructured and nebulous nature of the rules concerning good faith settlement of policy claims in property damage cases is directly related to the American rule that both sides of a civil controversy must pay their own attorneys' fees—win, lose, or draw. In many social contexts this rule

makes eminently good sense .... However, the fact that the general rule concerning fees works well *most* of the time does not necessarily imply that the rule works well *all* of the time.
*Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 78 (1986) (citation omitted).

**5.** The Court acknowledges that its decision to allow an insured to recover attorney fees in a duty to indemnify action places it amongst the minority of jurisdictions that have considered the issue.

exception is supported neither by statute,[6] nor by the reasoning supporting the duty to defend exception, I cannot join the Court. Therefore, I respectfully dissent.

[¶ 20] Title 24–A M.R.S. § 2436–B(2) provides that "[i]n an action . . . to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees." The plain meaning of the statute's language leaves little doubt that the Legislature intended that the insured be awarded attorney fees only when prevailing in duty to defend actions. *See Yeadon Fabric Domes, Inc. v. Me. Sports Complex, LLC,* 2006 ME 85, ¶ 13, 901 A.2d 200, 205 (noting that the primary goal of statutory interpretation, to give effect to the intention of the Legislature, begins with the plain meaning of the statute). However, neither the Court's holding in *Gibson,* nor the Legislature's subsequent codification of that holding in subsection 2436–B(2), allows the prevailing insured to recover attorney fees in a duty to indemnify action.

[¶ 21] The award of attorney fees to a prevailing insured in a duty to defend declaratory judgment action is wholly appropriate given the *sui generis* nature of such litigation. The scope of an insurer's duty to defend is broad and is determined merely by comparing the allegations in the underlying complaint with the provisions of the insurance policy. *Found. for Blood Research v. St. Paul Marine & Fire Ins. Co.,* 1999 ME 87, ¶ 4, 730 A.2d 175, 177. Accordingly, duty to defend declaratory judgment actions are inevitably legal "long shots" for the insurer with almost certain results. Although the commencement of such a declaratory judgment action by an insurer does not *ipso facto* demonstrate bad faith, it is often a dubious proposition that almost always inflicts upon the insured an onerous financial burden. Such actions are not to be commenced lightly; the specter of attorney fees creates an appropriate cause for reflection and reconsideration.

[¶ 22] Declaratory judgment actions seeking to clarify the duty to indemnify are fundamentally different from duty to defend cases because they rest upon a comparison of the policy to the actual facts of the case, as proved at a trial. *See York Ins. Group of Me. v. Lambert,* 1999 ME 173, ¶ 5, 740 A.2d 984, 985. It is well-settled that an insurer's duty to indemnify is much narrower than its duty to defend. *Id.* Unlike duty to defend actions, it is often difficult to predict the fact-driven outcome of the duty to indemnify case prior to hearing. Although a duty to defend action may be presumptively ill-founded upon its face, the same cannot be said of duty to indemnify actions.[7]

---

6. The Legislature's express inclusion of duty to defend actions and omission of duty to indemnify actions within the purview of 24–A M.R.S. § 2436–B(2) (2006) suggests a statutory preemption of the field. Indeed, the legislative history of the statute suggests that the Legislature considered and rejected a more expansive view of subsection 2436–B(2), one which included both the duty to defend and the duty to indemnify. *See* Legis. Rec. S–481 (2001); L.D. 49, Summary (120th Legis.2001); *see also Musk v. Nelson,* 647 A.2d 1198, 1201–02 (Me.1994) ("However, a well-settled rule of statutory interpretation states that express mention of one concept implies the exclusion of others not listed. The statute provides for a single exception and implicitly denies the availability of any other.") (citation omitted); *see also Wescott v. Allstate Ins.,* 397 A.2d 156, 169 (Me.1979) (invoking the well recognized maxim of statutory construction *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another).

7. Levesque argues that the complaint and motion for summary judgment filed by Foremost in this matter ostensibly seek rulings on the duty to indemnify and to defend. Although this is technically correct, the record discloses that Foremost did supply Levesque with an attorney (on the underlying matter) and the

[¶ 23] The Court refers to the "special relationship between insurer and insured" as part of its justification of the award of attorney fees.[8] Indeed, an insurer has a duty of fair dealing with the insured and a violation of that duty can constitute evidence of bad faith. *See Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 648 (Me.1993) (citation omitted). A declaratory judgment action brought by an insurer against an insured for the express purpose of avoiding liability where liability clearly exists is an example of reprehensible, bad faith conduct. However, not every declaratory judgment action addressing the duty to indemnify—even those where the insured ultimately prevails—can be presumed, without more, to constitute bad faith.

[¶ 24] The Court maintains that an insured loses a substantial benefit of the insurance policy when he is forced to defend a declaratory judgment action. However, the same can be said of virtually any contract and subsequent litigation regarding its terms. Where the parties to a contract face a bona fide dispute over the obligations and benefits created by its terms, the Declaratory Judgments Act, 14 M.R.S. §§ 5951–5963 (2006) offers a relatively summary procedure to address the dispute. The prevailing party is not typically awarded attorney fees in the absence of some statutory authority to the contrary.[9]

[¶ 25] The Court admonishes the insurance industry, stating that declaratory judgment actions addressing issues of coverage should not be brought (or should be stayed) while an underlying action is pending. Such an approach avoids duplicative demands on limited judicial resources and unnecessary legal expenses to insureds. Although the Court's guidance is well taken, there are instances where the insurer and the insured both have a significant interest in having coverage questions answered definitively before a final judgment is entered on the underlying claim. If it is determined prior to trial that the insurance policy does cover the claim, the insurer will have a powerful motivation to settle the claim early—a motivation that might not be present if the insurer strongly believes that there is no coverage. In addition, a definitive ruling prior to trial that coverage is lacking would save an insured from the unpleasant surprise—months after verdict—that he or she is personally liable for the judgment. As such, I cannot view the commencement of a declaratory judgment action addressing the duty to indemnify with the same jaundiced eye that I might turn to a duty to defend action.

[¶ 26] If a duty to indemnify action is commenced without a good faith basis purely to oppress an insured, clearly the body of insurance law dealing with bad faith may be appropriately invoked. In such circumstances, the insured would be able to recover consequential damages [10]

---

parties herein litigated only the duty to indemnify issue. Accordingly, as a practical matter, we have only addressed the issue of the duty to indemnify.

**8.** The Court's reasoning also relies upon the disparity in bargaining power between an insured and the insurance company. However, if the disparity in bargaining power between the parties to a contract were the touchstone for an award of attorney fees, innumerable classes of cases would be removed from the ambit of the American Rule.

**9.** An insured might argue that his insurance policy protects him from loss and a declaratory judgment action causes him to incur a loss in the amount of his attorney fees. This argument is without merit. The policy insures against specific losses and the costs of litigation are not enumerated within the typical schedules of covered events.

**10.** Although the Court has specifically rejected an independent tort of bad faith, *Marquis v. Farm Family Mutual Insurance Co.*, 628 A.2d 644, 652 (Me.1993), I would award at-

and, in some instances, attorney fees pursuant to 24–A M.R.S. § 2436–A (2006).[11] However, in cases where there is a meritorious question of coverage to be decided, as in the instant matter,[12] I would not automatically impute a nefarious motive to the insurer thereby justifying an award of attorney fees—even where the insured has technically prevailed. For these reasons, I would vacate the award of attorney fees and join those jurisdictions that allow attorney fees to prevailing insureds in duty to defend cases but not in duty to indemnify cases. *See, e.g., N.H. Ins. Co. v. Christy,* 200 N.W.2d 834, 845 (Iowa 1972); *Nelson v. Am. Reliable Ins. Co.,* 286 Minn. 21, 174 N.W.2d 126, 131 (1970).

torney fees as an element of consequential damages in cases where the insured proves a breach of the insurer's contractual duty of good faith and fair dealing by the commencement of a meritless duty to indemnify declaratory judgment action. The rationale offered for the award of attorney fees in duty to defend actions supports this result.

**11.** Title 24–A M.R.S. § 2436–A (2006) provides, in pertinent part:

1. Civil actions. A person injured by any of the following actions taken by that person's own insurer may bring a civil action and recover damages, together with costs and disbursements, reasonable attorney's fees and interest on damages at the rate of 1 ½% per month:

A. Knowingly misrepresenting to an insured pertinent facts of policy provisions relating to coverage at issue;

B. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;

C. Threatening to appeal from an arbitration award in favor of an insured for the sole purpose of compelling the insured to accept a settlement less than the arbitration award;

D. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; or

E. Without just cause, failing to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear.

2. Without just cause. For the purposes of this section, an insurer acts without just cause if it refuses to settle claims without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed.

**12.** Two members of the panel in *Foremost I* dissented on the coverage issue. *Foremost Ins. Co. v. Levesque,* 2005 ME 34, ¶ 17, 868 A.2d 244, 248.