STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-496

INSURANCE INNOVATORS AGENCY
OF NEW ENGLAND, INC. and
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

        Plaintiffs

v.

COMMERCIAL STREET PUB, INC.,
JOHN GUIN and MICHAEL NEALAND,
        Defendants

ORDER ON PLAINTIFFS'
MOTION FOR
SUMMARY JUDGMENT
AND DEFENDANT'S
MOTION TO STAY


DONALD L. GARBRECHT
LAW LIBRARY

APR ....

Before the Court is Plaintiff Insurance Innovators Agency of New England, Inc. and Certain Underwriters at Lloyd's, London's Motion for Summary Judgment on their Complaint seeking a declaratory judgment as to their duties to defend and indemnify Defendants Commercial Street Pub, Inc. and John Guin in an underlying action brought by Defendant Michael Nealand. Also before the Court is Defendant Michael Nealand's Motion to Stay or Dismiss the Complaint for a declaratory judgment.

## BACKGROUND

On May 25, 2007, Defendant Michael Nealand ("Nealand") filed a Complaint against Co-Defendants Commercial Street Pub, Inc. (the "Pub") and John Guin ("Guin"), the owner and operator of the Pub, claiming that he was assaulted and injured by Guin in February 2007 when Guin threw him down a set of stairs. The Plaintiffs in the instant action, Insurance Innovators Agency of New England, Inc. and Certain Underwriters at Lloyd's, London (collectively, the "Insurers") had been defending the Pub and Guin in the underlying action,

but now seek a declaration that they owe no duty to defend or indemnify against Nealand's allegations.

The Insurers provided general liability insurance to the Pub in the amount of $1,000,000.00 for each occurrence and $2,000,000.00 in the aggregate for the period March 2006 through March 2007. The insurance policy contains the following relevant provisions:

SECTION I – COVERAGES

* * *

2.    Exclusions

This insurance does not apply to:

a.    Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

ASSAULT AND BATTERY EXCLUSION

Notwithstanding anything in the policy to the contrary, it is understood and agreed that this insurance excludes claims arising out of:

A.    Assault and/or Battery committed by any person whosoever, regardless of degree of culpability or intent and whether the acts are alleged to have been committed by the insured or any officer, agent, servant or employee of the insured by any other person; or

B.    Any actual or alleged negligent act or omission in the:
      1.    Employment;
      2.    Investigation;
      3.    Supervision;
      4.    Reporting to the proper authorities or failure to so report; or
      5.    Retention;

2

Of a person for whom any insured is or ever was legally responsible, which results in Assault and/or Battery;

Or

A.   Any actual or alleged negligent act or omission in the prevention or suppression of any act of Assault and/or Battery.

The Insurers now seek summary judgment in their favor on their Complaint for a declaratory judgment that they have no duty to defend or indemnify the Pub and Guin in the underlying action filed by Nealand. Also pending before the Court is Nealand's Motion to Stay or Dismiss the Insurers' Complaint.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. "A court may properly enter judgment in a case when the parties are not in dispute over the [material] facts, but differ only as to the legal conclusion to be drawn from these facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994). A genuine issue of material fact exists "when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93 ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.* An issue is genuine if "there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. If ambiguities

3

exist, they must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685.

## DISCUSSION

The Law Court has distinguished between an insurer's duty to defend and its duty to indemnify. The duty to defend is broader than the duty to indemnify. *Maine Bonding & Casualty Co. v. Douglas Dynamics, Inc.*, 594 A.2d 1079, 1980 (Me. 1991).

> To determine the scope of an insurer's duty to defend an insured in pending litigation, the court uses a comparison test: 'If, comparing an insurance policy with an underlying complaint there is any legal factual basis that could obligate an insurer to indemnify, then the insured is entitled to a defense.' The insurer has a duty to defend if the complaint shows any potential that the facts ultimately proved may come within the scope of coverage provided under the policy.

*Maine Bonding*, 594 A.2d at 1080 (quoting *State Mutual Ins. Co. v. Bragg*, 589 A.2d 35, 36 (Me. 1991) (internal citations omitted)). In applying this comparison test, the Law Court has stated that mini-trials on the question of the insurer's duty to defend are discouraged. *Id.* The *Maine Bonding* court explained that "because the duty to defend is broader than the duty to indemnify, application of the comparison test may sometimes require an insurer to defend when there may be no ultimate duty to indemnify." *Id.*

In applying the comparison test, the court need only determine that there is "any potential basis for recovery...regardless of the actual facts on which the insured's ultimate liability may be based" to require the insurer to defend. *Patrons Oxford Mut. Ins. Co. v. Garcia*, 1998 ME 38, ¶ 6, 707 A.2d 384, 385 (quoting *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 130, 1352 (Me. 1996)) (internal quotations omitted). The Law Court has instructed trial courts to look at the complaint "to determine whether there is any possibility for coverage under any

4

set of facts that might be established." *Maine Bonding*, 594 A.2d at 1080-81; *see also Patrons Oxford*, 1998 ME 38, ¶ 6, 707 A.2d at 385 ("Where there is any possible legal or factual basis for payment under a policy, an insurer's duty to defend must be decided summarily in favor of the insured").

In the instant case, the Complaint filed by Nealand in the underlying action contains eight counts, including counts for assault and battery; negligent hiring and retention; respondeat superior; negligent supervision; negligence; infliction of emotional distress, both negligent and intentional; violation of the Maine Civil Rights Act; and punitive damages. All eight counts stem from Nealand's allegations that he was "suddenly and violently thrown off of the steps [at the Pub] and onto the brick sidewalk by [Guin's] wrongful and abusive acts" and from Nealand's allegation that Guin subsequently threatened to cause him further injury. The Insurers argue that this fact entitles them to summary judgment because "every single factual allegation set forth in the underlying Complaint arises solely from and pertains solely to Mr. Guin's assault and battery of Mr. Nealand" and the insurance policy excludes coverage for assault and battery.

The three Defendants in the instant action argue that the Insurers read Nealand's Complaint too narrowly. They argue that in addition to the assault and battery claim, Nealand has also asserted a simple negligence count against Guin and a count for negligent infliction of emotional distress. Moreover, the Defendants argue, Nealand's allegation that Guin threw him from the stairs to the sidewalk could be construed as Guin using reasonable force to protect his patrons or his property from Nealand. The policy explicitly states that the exclusion for bodily injury caused by expected or intended conduct "does not

5

apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property."

This Court agrees with the three Defendants that the Insurers have a duty to defend in the underlying action. The law in Maine is clear on the scope of an insurer's duty to defend: "[t]he insurer has a duty to defend if the complaint shows *any* potential that the facts ultimately proved *may* come within the scope of coverage provided under the policy." *Maine Bonding*, 594 A.2d at 1080 (emphasis added). Nealand's claims against Guin and the Pub may result in a finding of simple negligence or negligent infliction of emotional distress relating to Guin's alleged threats (as opposed to the alleged assault and battery), both of which do not come within the assault and battery exception. The Court also notes that the insurance policy itself offers no definition of "assault and battery." Thus, at this point, it is not possible to say whether Guin committed an assault or battery or something else, such as negligence, that Nealand may be able to prove.[1] As the Law Court has explicitly stated that "mini-trials on the issue of the duty to defend" are discouraged, *Maine Bonding*, 594 A.2d at 1080, and given the broad scope of the duty of insurers to defend, this Court denies summary judgment to the Insurers on the question of their duty to defend.[2]

---

[1] Nor is the fact that Nealand's chance of recovering on the negligence claim or the negligent infliction of emotional distress claim may be remote sufficient to hold that the Insurers have no duty to defend. Indeed, the Law Court has held that an insurer had a duty to defend where the possibility of coverage was only "remotely" possible and where the possibility extended to only one claim of several asserted. *Maine Bonding*, 594 A.2d at 1081.

[2] The Insurers' citation to *Mallar v. Penn-America Ins. Co.*, 2003 ME 143, 837 A.2d 133, is unhelpful because that case dealt only with the insurance company's duty to indemnify in light of an assault and battery exclusion. It did not address the duty to defend, which, as set forth *supra*, is broader than the duty to indemnify.

6

While a determination of whether the insurer has a duty to defend involves comparing the complaint filed in the underlying action with the policy to see if there is any possibility for coverage, determining whether the insurer has a duty to indemnify involves a review of the actual facts of the underlying case. *Foremost Ins. Co. v. Levesque*, 2007 ME 96, n. 1, 926 A.2d at 1186. For this reason, the Law Court has stated that "the duty to indemnify action should not be brought, or should be stayed, until the underlying action is completed in order to avoid duplicative litigation and to spare the insured the costs of declaratory judgment actions." *Id.*

Pursuant to the Law Court's holding, and because the Insurers' sole argument in support of their assertion that they have no duty to indemnify is that they have no duty to defend, this Court holds that the Insurers' request for a declaratory judgment that they have no duty to indemnify is premature and is denied at this time.

As the Court's denial of the Insurers' Motion for Summary Judgment obligates the Insurers to defend the Pub and Guin in Nealand's underlying action, the Court dismisses Nealand's Motion to Stay or Dismiss the Insurers' Complaint for a declaratory judgment as moot.

Therefore, the entry is:

> Plaintiffs Insurance Innovators Agency of New England, Inc. and Certain Underwriters at Lloyd's, London's Motion for Summary Judgment is DENIED.
>
> Defendant Michael Nealand's Motion to Stay or Dismiss is DISMISSED.

7

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _____ day of _____, 2008.

_____
Robert E. Crowley
Justice, Superior Court

JAMES HADDOW ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555

JOHN CAMPBELL ESQ
CAMPBELL & ASSOC
PO BOX 369
PORTLAND ME 04112-0369

DONALD L GARBRECHT
LAW LIBRARY
2008

GRAYDON STEVENS ESQ
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. CV-07-496

INSURANCE INNOVATORS AGENCY
OF NEW ENGLAND, INC. and
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,
          Plaintiffs

                                    ORDER ON PLAINTIFFS'
v.                                 MOTION TO STAY

COMMERCIAL STREET PUB, INC.,
JOHN GUIN and MICHAEL NEALAND,
          Defendants

Before the Court is Plaintiffs Insurance Innovators Agency of New England, Inc. and Certain Underwriters at Lloyd's, London's Motion to Stay all proceedings in this matter pending a final decision in the underlying action.

## BACKGROUND

On May 25, 2007, Defendant Michael Nealand ("Nealand") filed a Complaint against co-Defendants Commercial Street Pub, Inc. (the "Pub") and John Guin ("Guin"), the owner and operator of the Pub, claiming that he was assaulted and injured by Guin in February 2007 when Guin threw him down a set of stairs. The Plaintiffs in the instant action, Insurance Innovators Agency of New England, Inc. and Certain Underwriters at Lloyd's, London (collectively, the "Insurers") had been defending the Pub and Guin in the underlying action, but then sought a declaration that they owe no duty to defend or indemnify against Nealand's allegations. This Court (Crowley, J.) denied the Insurers' Motion for Summary Judgment on their declaratory judgment request in an Order dated March 6, 2008. With respect to the Insurers' duty to indemnify, the

Court stated, "the Insurers' request for a declaratory judgment that they have no duty to indemnify is premature and is denied at this time."

## DISCUSSION

The Insurers now ask this Court to stay proceedings in this action with respect to their duty to indemnify pending resolution of the underlying action involving the Pub and Guin, on the one hand, and Nealand, on the other hand. The Court declines to stay this matter.

In support of their Motion to Stay, the Insurers cite the following language from the Law Court's decision in *Foremost Ins. Co. v. Levesque*, 2007 ME 96, n. 1, 926 A.2d 1185, 1186: "the duty to indemnify action should...be stayed[] until the underlying action is completed to avoid duplicative litigation and to spare the insured [sic] the costs of declaratory judgment actions." The full text of the quote cited by the Insurers, including the portion curiously omitted, reads: "We have said that the duty to indemnify action *should not be brought*, or should be stayed, until the underlying action is completed in order to avoid duplicative litigation and to spare insureds the costs of declaratory judgment actions." *Id.* (emphasis added). It is clear from the language of the *Foremost* court that indemnification actions should not be brought in the first place. The Insurers failed to heed the words of the Law Court by nonetheless bringing an action to determine their duty to indemnify before the underlying action was resolved and by moving for summary judgment on the declaratory judgment action, thereby forcing the Defendants and the Court to expend costs and resources that could have potentially been avoided. The Insurers now move to stay a proceeding that they never should have brought. The Court denies this motion.

2

Therefore, the entry is:

> Plaintiffs Insurance Innovators Agency of New England, Inc. and Certain Underwriters at Lloyd's, London's Motion to Stay is DENIED.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


Dated at Portland, Maine this ___9th___ day of ___May_____, 2008.


_____

Robert E. Crowley
Justice, Superior Court

3

JAMES HADDOW ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555

GRAYDON STEVENS ESQ
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

JOHN CAMPBELL ESQ
PO BOX 369
PORTLAND ME 04112-0369

STEPHEN SOULE ESQ
PO BOX 1307
BURLINGTON VT 05402-1307