STATE OF MAINE                                    SUPERIOR COURT
                                                       CIVIL ACTION
YORK, ss.                                     DOCKET NO. CV-10-100
                                              (7 A3 -Y4R/20, 201,

PATIO PUB, INC. d/b/a
PIER PATIO PUB,

              Plaintiff


v.                                    **ORDER AND DECISION**


GREAT AMERICAN E&S
INSURANCE COMPANY,

              Defendant


The plaintiff operates a restaurant and bar in Old Orchard Beach and had purchased a liability policy from the defendant. In August of 2008 the plaintiff was sued by a Vicky Felch who claimed that she was injured when employees of the Patio Pub ejected her from the premises. The defendant declined to either defend or potentially indemnify. A settlement was reached in Ms. Felch's suit. This separate two-count complaint has been brought, which includes a breach of contract claim in Count I and seeks a declaratory judgment in Count II. The defendant has brought a counterclaim also seeking a declaratory judgment.

The defendant has filed a motion for summary judgment which has been briefed and argued. The sole issue is whether the defendant had a duty to defend the plaintiff in the Felch case. The plaintiff is seeking to be reimbursed for defending that suit but is not seeking to be indemnified for the amount of the settlement it paid.

Under Maine law it is well established that the duty to defend, which is broader than the duty to indemnify, is determined by comparing the allegations in the complaint with the policy provisions. The complaint and the amended complaint

began with an introduction and a section called FACTS COMMON TO ALL COUNTS. Among those common facts is a claim that a security guard or "bouncer" committed a battery by throwing her to the ground and that she was "grabbed and thrown."

Count I of the Felch complaint is based in negligence, perhaps in an attempt to make it easier for the defendant to make a case for coverage. The alleged negligence, however, is the potential battery of the physical ejectment. All of the other counts in the Felch amended complaint are ultimately based on the claimed battery.

As part of the liability policy the defendant provided a Commercial General Liability Coverage Form. Considering only that Form there would be a duty to defend. However, there were several endorsements that are relevant. A broadly written endorsement for ASSAULT AND/OR BATTERY EXCLUSION eliminates any coverage and the duty to defend. That Endorsement reads as follows:

> It is agreed that this insurance does not apply to any liability arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.

> Furthermore, there is no coverage for assault and/or battery claim against the Insured if the claim is based on the alleged failure of the Insured to protect individuals whether or not patrons, or involves the negligent selection, training, employment, supervision or control of any individual.

Also see *Mallar v Penn-America Ins. Co.*, 837 A.2d 133, 2003 ME 143. That endorsement decides this case. The negligent hiring exclusion and punitive damage exclusions would have effected portions of the complaint but the assault and/or battery exclusion is determinative.

I do not find that there was any possibility of coverage under any set of facts that were likely to be established in the Felch case even after strictly construing the policy against the insurer and resolving any ambiguities in favor of the insured.

2

The amended civil complaint is based in common law battery regardless of whether there might be a statutory defense of self-defense or defense of premises if a criminal charge of assault had been brought against the bouncer.

The entry is:

Judgment for the defendant on the complaint and counterclaim. The defendant did not have a duty to defend the plaintiff in the separate case *Felch v Patio Pub*, York County Superior Court Docket No. CV-08-251.

Dated:       January 21, 2011

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
THOMAS DANYLIK
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

ATTORNEY FOR DEFENDANT:
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME   04112-9545

3