STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
DOCKET NO. CV-15-0263

METROPOLITAN PROPERTY AND      )
CASUALTY INSURANCE COMPANY,    )
                               )
            Plaintiff,         )        **ORDER ON DEFENDANT GLYNIS**
                               )        **MCCORMACK'S MOTION FOR**
        v.                     )        **SUMMARY JUDGMENT**
                               )
SUSAN MCCARTHY,                )
                               )
and,                           )
                               )
GLYNIS DIXON MCCORMACK,        )
                               )
            Defendants.        )

## I.    BACKGROUND

This case arises out of a lawsuit filed by defendant Susan McCarthy ("McCartthy") against

co-defendant Glynis Dixon McCormack ("McCormack") on February 8, 2012 in this court (the

"Underlying Action"). (Supp.'g S.M.F. ¶ 1.) McCormack tendered the defense of the Underlying

Action to her insurance carrier, plaintiff Metropolitan Property Insurance and Casualty Insurance

Company ("Metropolitan"). (Supp.'g S.M.F. ¶ 2.)

After being notified of the Underlying Action, Metropolitan brought a declaratory

judgment action in the United States District Court for the District of Maine in Portland, seeking

a declaration that it had no duty to defend McCormack in the Underlying Action. (Supp.'g S.M.F.

¶ 3.) The District Court found that Metropolitan did have a duty to defend the McCormack and

entered judgment in her favor. (Supp.'g S.M.F. ¶ 4.) The United States Court of Appeals for the

First Circuit appealed the District Court's decision. (Supp.'g S.M.F. ¶ 5.)

1

The parties settled the Underlying Action, which this court approved on December 9, 2013. (Supp.'g S.M.F. ¶ 6.) Pursuant to the settlement, McCormack assigned to McCarthy all of her rights in, to, and under her policy with Metropolitan, including the right to reimbursement and/or recovery of the costs of defense, court costs, interest, and attorney's fees incurred in the Underlying Action. (Supp.'g S.M.F. ¶¶ 7, 9.) The assignment also included the right to indemnification for the claims raised and/or the judgment obtained by McCarthy in the Underlying Action. (Supp.'g S.M.F. ¶ 7.) Pursuant to the settlement, McCormack stipulated to an entry of judgment against her in the amount of $300,000. McCormack was personally liable for $30,000 of this amount, paying McCarthy accordingly. (Supp.'g S.M.F. ¶ 9.) The terms of the settlement are contained in a stipulated consent judgment dated December 11, 2013. (Supp.'g S.M.F. ¶ 8.)

Plaintiff filed the instant suit on December 19, 2016, seeking a declaratory judgment that Metropolitan has no duty to indemnify McCormack pursuant to the stipulated consent judgment, that there is no coverage for the consent judgment, and that McCarthy is barred from any recovery against Metropolitan pursuant to 24-A M.R.S.A. § 2904. On August 11, 2017, McCormack moved for summary judgment, arguing that she no longer has any interest in the action, and also requested an award of attorney's fees and costs.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

## III. DISCUSSION

### a. Whether McCormack Has Any Interest in the Present Action

The issue before the court is simple: whether McCormack's assignment of her rights under the insurance policy entitles her to summary judgment and attorney's fees in this action. Generally, the decision to add parties to or drop parties from an action is within the discretion of this court. *See Sanseverino v. Gregor*, 2011 ME 8, ¶ 7, 10 A.3d 735; M.R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

McCormack argues that her assignment of her rights under the insurance agreement with Metropolitan removed all interest that she may have had in the litigation and that she is entitled to summary judgment. Plaintiff, on the other hand, argues that McCormack is still the named insured on the policy and that her assignment to McCarthy was ineffective because she did not receive Metropolitan's approval for the assignment. Specifically, plaintiff argues that because the indemnity obligation only extends to insureds, not to third parties, that McCormack still has an interest in the litigation. (Pl.'s Opp. 5.)

Plaintiff cites to 24-A M.R.S.A. § 2420(1) for the proposition that insurance policies issued in Maine may include a prohibition on re-assignment. *See also DiMillo v. Travelers Prop. Cas. Co. of Am.*, 789 F. Supp. 2d 194, 205 (D. Me. 2011) ("This statutory language is plain enough: an insurer is permitted to forbid an insured from assigning its policy.") Notwithstanding the claimed prohibition on assignment, McCormack claims that the duty to indemnify action filed by Metropolitan does not depend on the assignment. (Def.'s Repl. 1.)

3

The court is persuaded that defendant McCormack no longer has an interest in the litigation. Although the contract may be in her name, it is clear that the only individual left with an interest in any indemnification is McCarthy. Thus, the motion for summary judgment is granted and defendant McCormack is dismissed from the case.

### b. Whether McCormack is Entitled to Attorney's Fees

Next, McCormack requests attorney's fees for defending this suit. Generally, insured are entitled to attorney's fees if they successfully defend a declaratory judgment actions by an insurer seeking a declaration that it has no duty to indemnify. *Foremost Ins. Co. v. Levesque*, 2007 ME 96, ¶ 17, 926 A.2d 1185. This basis for attorney's fees, unlike an award for the successful defense of a declaratory judgment action seeking a declaration that it has no duty to defend, is derived from common law, not statute. *Id.* ¶ 8. However, the fee award in a duty to indemnify case is premised on the following policy:

> Just as the prevailing insured in the duty to defend action loses a substantial benefit
> of the insurance when he is sued by the insurer, the prevailing insured in the duty
> to indemnify action loses the benefit of his bargain with his insurer when he has to
> pay an attorney to defend him against the insurer.

*Id.* ¶ 13. This policy does not readily apply to the instant situation. Here, McCormack remained the named insured on the policy and Metropolitan questions the effectiveness of the attempted assignment. Although she is successful in her motion, the court has not determined the central issue that supports an award of attorney's fees: whether Metropolitan indeed has a duty to indemnify. Because the motion is being granted on this basis and not on the merits of Metropolitan's claims, McCormack's motion for attorney's fees is denied.

4

## IV.  CONCLUSION

For the reasons set forth above, McCormack's motion for summary judgment is granted.

The court, however, declines defendant's request for attorney's fees.

The clerk shall make the following entry on the docket:

Defendant McCormack's motion for summary judgment is hereby GRANTED.
Defendant McCormack's motion for attorney's fees is hereby DENIED.

SO ORDERED.

DATE: May 16, 2018

John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 5/16/18

5